OPINION OF THE COURT
Bernard F. McCaffrey, J.
The threshold question to be determined on this motion for a deficiency judgment is — do the provisions of RPAPL 1371 apply to the Federal Deposit Insurance Corporation (FDIC) in its capacity as the liquidator-assignee of the obligations of an insolvent bank?
There appears to be little or no Federal or State law directly on this point. The court must, therefore, at the outset determine whether Federal or State law applies.
In this real estate foreclosure action, plaintiff obtained a judgment to foreclose a mortgage with respect to real property in Westbury, New York. The mortgage had previously been deposited as collateral for a loan with plaintiff’s predecessor, Franklin National Bank, which has since been declared insolvent. The mortgage having been foreclosed and the property sold, a deficiency judgment is *547 now sought against the guarantors and the principal obligor of an $80,000 promissory note executed by a corporate debtor, Lamb Associates, Inc. Miriam Gluckstal and the principal obligor, Lamb, oppose the entry of a deficiency judgment against them on the grounds that the property was sold at less than half its true market value to a corporation controlled by Michael Forte, a named defendant. Alternatively, they also contend that the plaintiffs’ proposed calculations of interest and attorney’s fees are improper.
The plaintiff, Federal Deposit Insurance Corporation, contends that, in its capacity as a Federal agency, it is not subject to the provisions of New York State’s RPAPL 1371 in seeking a deficiency judgment, and that it is entitled to recover the entire deficiency regardless of whether or not the market value of the property exceeded the sale price at the foreclosure sale.
The statute creating the Federal Deposit Insurance Corporation (US Code, tit 12, § 1811 et seq.) and permitting it to act as the receiver or liquidating agent of an insolvent bank is silent as to whether State law or Federal law should apply in cases where, following foreclosure of a mortgage, a deficiency exists, and it is also silent as to whether an appraisal is required. While the plaintiff has cited several cases involving the VA, FHA, FNMA or SB A seeking a deficiency judgment, and the Federal law was held to apply (United States v Walker Park Realty, 383 F2d 732; United States v Merrick Sponsor Corp., 294 F Supp 1048, affd 421 F2d 1076; Branden v Driver, 441 F2d 1171; United States v Allgeyer, 466 F2d 1195; United States v McIntyre Veneer, 343 F Supp 1095), those cases involved national loan programs. In view of Congress having enacted a fairly comprehensive scheme of regulation, it was clear that questions relating to the duties, privileges and liabilities of such government agencies in those cases must be governed by Federal rules to prevent local State laws from defeating the Federal interest in uniformity in enforcing these national policies. The plaintiff also cited D’Oench, Duhme & Co. v Federal Deposit Ins. Corp. (315 US 447) where Federal law was applied in an action by the FDIC as an insurer-assignee of a bank against the maker *548 of a note delivered to the bank on the secret understanding it would not be called for payments. That case did not involve an application for a deficiency judgment. There too, a uniform Federal policy of protecting the Federal corporation from misrepresentations made to induce or influence the action of FDIC, including misstatements as to the genuineness of integrity of securities in the portfolios of banks which it insures, or to which it makes loans, was needed. Such is not the situation here with respect to deficiency judgment.
The instant application is not concerned with enforcement of a national housing policy, or a uniform national small business loan program, or a situation where the FDIC is entitled to a Federal rule protecting it against misrepresentations as to the financial condition of the bank it insures. Here, the Franklin National Bank acquired in an ordinary good faith commercial transaction the promissory note of Lamb Associates, which was personally guaranteed by the defendants, Alfred E. Gluckstal and Miriam Gluckstal. Both the Lamb Associates note and the Gluckstal guarantee provided therein that the note and guarantee “shall be governed by and construed in accordance with the laws of the State of New York”. Except for the privilege conferred under title 12 (§ 1823, subd [e]) of the United States Code, which is not applicable here, the FDIC as liquidator of an insolvent bank succeeds only to those rights the bank possessed in its assets, i.e., it steps into the shoes of the assignor. (Federal Deposit Ins. Corp. v Glickman, 450 F2d 416, 418; Federal Deposit Ins. Corp. v Rockelman, 460 F Supp 999; Federal Deposit Ins. Corp. v First Mtge. Investors, 485 F Supp 445; DeLorenzo v Federal Deposit Ins. Corp., 259 F Supp 193.) As stated by Justice Jackson in a concurring opinion iuD’Oench, Duhme & Co. v Federal Deposit Ins. Corp. (315 US 447, 474, supra): “No doubt many questions as to the liability of parties to commercial paper which comes into the hands of the Corporation will best be solved by applying the local law with reference to which the makers and the insured bank presumably contracted. The Corporation would succeed only to the rights which the bank itself acquired where ordinary and good-faith commercial transactions are involved.” *549 There is no justifiable reason why the FDIC should not be bound by the terms of the instruments. (United States v Stewart, 523 F2d 1070, 1072; see 3 NY Jur, Assignments, §§ 49, 56.) Its contractual rights are derivative, and, in the absence of statute, the FDIC is bound by the requirements which its assignor was bound. There is no Federal statute or overriding policy which confers on the FDIC as the liquidator or receiver greater powers than the bank itself had before insolvency, except title 12 (§ 1823, subd [e]) of the United States Code, which is irrelevant here. As stated in Deitrick v Standard Sur. Co. (303 US 471, 479): “ Tt is clear from the pleadings that the receiver seeks to recover on these bonds as assets of the Bank. In such an action he stands no better than the Bank itself. All defenses open against the Bank in such a case are open against the receiver, and he is chargeable with knowledge of all facts known to the bank affecting the character of the claim.’ ” Thus, the local statute applies in the absence of expressed congressional purpose or need of Federal uniformity. (United States v MacKenzie, 510 F2d 39; see, also, US Code, tit 28, § 1652.) The New York deficiency judgment statute (RPAPL 1371) is essentially fair and particularly appropriate here since the underlying documents provide that New York law was to govern and the extent of liability of parties to commercial paper coming into the hands of FDIC are best resolved by applying local law; and there being no Federal deficiency statute this protects judgment debtor against injustice. (Riverside Park Realty Co. v Federal Deposit Ins. Corp., 465 F Supp 305, 309.) As stated in United States v O'Connell (496 F2d 1329,1332): “While we have held federal law governs * * * foreclosure proceedings [citing United States v Merrick Sponsor Corp., supra], we see no reason for a rule of nation-wide uniformity in determining precisely what property the buyer at the foreclosure sale had purchased * * * There is no suggestion here * * * that state law is hostile to the federal scheme. We, therefore, hold that New York law governs here.” Here, the property was bid on June 20, 1980 for $165,000 which plaintiff’s real estate appraisal shows as the fair market value. Defendants claim that the property was sold at less than half its true market value, which *550 their real estate appraisal shows to be $370,000. Since the property has been purchased in 1973 for $250,000 and resold in the same year for $346,000, the court is concerned as to the proper value of the mortgaged premises at the date of sale, which, in turn, may determine whether a deficiency judgment should be entered pursuant to RPAPL 1371. A hearing is necessary to determine the fair reasonable value of the mortgaged premises.
Defendants’ objections to the interest rate have no merit. The 60-day note dated November 4, 1974, in the sum of $80,000, executed by Lamb Associates, Inc., was issued at a discount rate of 13 /4%, and further provided that, “Interest after the maturity (whether by acceleration or otherwise) shall be payable upon demand at a rate of 3% per annum in excess of the interest on discount rate in effect at maturity.”
While it is true that the note provides for attorney’s fees of 15%, a hearing is necessary to determine the reasonableness of the amount thereof. (See Franklin Nat. Bank v Wall St. Commercial Corp., 21 AD2d 878.) Thus, this matter and the motion by plaintiff for an order confirming the referee’s report of salé and granting leave for plaintiff to enter a deficiency judgment are referred to Special Term, Part II, for hearing and determination on August 10, 1981, provided service and filing of a note of issue and payment of the required fee and a copy of the order to be submitted herein is made upon the calendar clerk on or before July 10, 1981.