FEDERAL DEPOSIT
INSURANCE CORP.

v.

David J. FISHER.

FEDERAL DEPOSIT
INSURANCE CORP.

v.

John E. WALSH.

FEDERAL DEPOSIT
INSURANCE CORP.

v.

Rodney M. SKOGEN.

FEDERAL DEPOSIT
INSURANCE CORP.

v.

Harold D. KIMMEL.

FEDERAL DEPOSIT
INSURANCE CORP.

v.

James REDING and Terrence Votel.

Civ. Nos. 4–88–557 to 4–88–559,
4–88–653 and 4–88–710.

United States District Court,
D. Minnesota,
Fourth Division.

Oct. 11, 1989.

Brian E. Palmer and Christopher J. Riley, Dorsey & Whitney, Minneapolis, Minn., for plaintiff.

James A. Reding and Terrence W. Votel, St. Paul, Minn., for defendants.

ROSENBAUM, District Judge.

This motion for summary judgment involves five promissory notes held by the Oak Park Heights State Bank and executed by defendants. Defendants Fisher, Walsh, Skogen, and Kimmel each signed a $80,000 note. Defendants Reding and Votel are co-makers of one of the notes.

Plaintiff Federal Deposit Insurance Corporation (FDIC), in its corporate capacity,[1] acquired the assets of the Oak Park Heights State Bank (the bank), including these five notes, after the bank was ordered closed by Minnesota's Commissioner of Commerce.

The FDIC moves for summary judgment on the ground that the notes are in default, that there is no dispute about the existence or amount of the defendants' liability under these notes, and that defendants' affirmative defenses are invalid as a matter of law. In support of its position, the FDIC invokes 12 U.S.C. § 1823(e) and the doctrine set forth in *D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1941).

Defendants interpose a blizzard of defenses, including fraudulent inducement, lack of consideration, lack of specificity in amounts owed on the notes pursuant to a devaluation of the notes, and failure on the part of plaintiff to properly assume the

---

1. Unless otherwise indicated, all references to FDIC refer to the FDIC in its corporate capacity.

bank's assets. Defendants also argue that state law defenses such as accord and satisfaction, novation, conversion, and the FDIC's lack of holder in due course status protect them from liability. They assert the validity of the state law defenses because the notes contain a Minnesota choice of law clause.

*Background*

Defendants David J. Fisher, John E. Walsh, Rodney M. Skogen, and Harold D. Kimmel signed their individual promissory notes on or about April 9, 1986. James A. Reding and Terrence W. Votel signed their notes on or about October 9, 1986. Defendants claim some of the notes were signed in blank. While the circumstances surrounding the execution of the notes appear dubious, and minor details remain in dispute, defendants admit executing the notes.

Defendants contend the notes were initially unconnected to any actual loan from the bank. The bank, however, issued five checks in the amount of $80,000 each. These checks were either credited to Swager Brothers Realty, Inc., by way of forged endorsement or were endorsed by some of the defendants to Gary Swager or Swager Brother's Realty, Inc. In the latter case, the endorsers claim they were led to believe that their signature discharged their obligation on the notes and that the endorsees would be substituted to that obligation.

According to defendants, the issuance of the notes and the transfer of the proceeds took place in a concerted effort by bank officials and Gary Swager to defraud defendants concerning a real estate investment and development project known as the Market Square Annexation. Gary Swager was apparently able to funnel these funds, which defendants believed were to be "parked" in a tax exempt status, and apply them to a purchase from a Swager-owned company, Market Square Joint Venture (believed by defendants to be the owner of the property). This investment was to go to a successor group of investors, G.D.S. & Associates, also headed by Gary Swager. The latter investor actually used the proceeds to buy the property from Croixdale Realty, the true owner.

The bank, prior to its demise, commenced a Minnesota state lawsuit for the unpaid note balance in Washington County District Court. On April 29, 1988, the FDIC, as receiver, took over the bank and acquired the notes in its capacity as a corporate insurer. The FDIC thereafter removed the matter to federal court.

The FDIC claims the principal and interest owing on the notes is:

| Debtor | 12/12/88 Outstanding Principal | Daily Outstanding Interest | Interest Accrual |
|---|---|---|---|
| David J. Fisher | $80,000.00 | $31,939.05 | $32.66 |
| John E. Walsh | $80,000.00 | $31,939.05 | $32.66 |
| Rodney M. Skogen | $80,000.00 | $31,939.05 | $32.66 |
| Harold D. Kimmel | $80,000.00 | $31,939.05 | $32.66 |
| James A. Reding/ Terrence W. Votel | $80,000.00 | $25,962.72 | $32.66 |

*Analysis*

■ Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure (Fed.R. Civ.P.). Summary judgment may be granted against a party which fails to make a showing sufficient to establish the existence of an element essential to its case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–52, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The opposing party must produce concrete facts demonstrating the issue for trial. *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir.1984). The non-movant must be allowed adequate time for discovery.[2] *Anderson*, 477 U.S. at 257, 106 S.Ct. at 2514.

Plaintiff premises its summary judgment motion upon 12 U.S.C. § 1823(e) which reads, in relevant part:

> No agreement which tends to diminish or defeat the right, title or interest of the Corporation [FDIC] in any asset acquired by it under this section, either as a security for a loan or by purchase, shall be void against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank.

This provision is a codification of the *D'Oench, Duhme* doctrine, so called in light of the Supreme Court's often invoked opinion in *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1941).[3]

In *D'Oench, Duhme* the FDIC acquired promissory notes executed by D'Oench, Duhme & Co. in favor of a bank which ultimately failed. *Id.* at 454, 62 S.Ct. at 678. The maker had sold to the bank bonds which later defaulted. *Id.* The maker signed the note to allow the bank to list the note, in place of the bonds, as an asset on its records. *Id.* The maker and the bank arranged for the proceeds of the bonds to be credited to the note. *Id.* The parties also agreed that the note would not be called for payment. *Id.*

After the FDIC sued to recover on the unpaid note, the maker alleged that he was without liability because the note was given without consideration and because he and the bank had agreed the note would not be collected. *Id.* at 456, 62 S.Ct. at 679.

The Supreme Court rejected the defense, reasoning that strong federal policy protected the FDIC against misrepresentations as to the assets of the banks the FDIC insured. *Id.* at 457, 62 S.Ct. at 679. The Supreme Court held that the maker, having given a note to the bank with an agreement that it would not be enforced, was presumed to know that the presence of the note on the bank records would tend to deceive the FDIC. *Id.* at 458–59, 62 S.Ct. at 680. The Court noted the maker had "lent himself to a scheme or arrangement whereby the [FDIC] was or was likely to be misled." *Id.* at 460, 62 S.Ct. at 681. Accordingly, the Supreme Court concluded that the defendant could not raise the defenses of lack of consideration or the secret agreement. *Id.* at 460–62, 62 S.Ct. at 681.

Courts have determined that the holding of *D'Oench, Duhme* applies to cases in which the maker may not have actually intended to deceive the FDIC. *FDIC v. Vestring*, 620 F.Supp. 1271, 1273 (D.Kan. 1985). The FDIC need only show that the defendant lent himself to a deceptive agreement. *Id.*

The holding of *D'Oench, Duhme*, barring particular defenses, was codified by Congress in 12 U.S.C. § 1823(e). 12 U.S.C. § 1823(e) renders agreements between banks and other entities unenforceable as to the FDIC unless those agreements meet very stringent recording and approval requirements.

 *D'Oench, Duhme* and its progeny immediately dispose of two of the debtors' defenses. A debtor may not assert a defense of fraudulent inducement against the FDIC. *Langley v. FDIC*, 484 U.S. 86, 95, 108 S.Ct. 396, 403, 98 L.Ed.2d 340 (1987); *see D'Oench, Duhme*, 315 U.S. at 459–62,

---

**2.** Discovery in this matter was closed on March 31, 1989, pursuant to an order dated October 21, 1988, issued by the Honorable J. Earl Cudd, United States Magistrate.

**3.** This Court has jurisdiction pursuant to 12 U.S.C. § 1819.

62 S.Ct. at 680–81; *see also FDIC v. Lesse-lyoung,* 476 F.Supp. 938, 946 (E.D.Wis. 1979), *aff'd,* 626 F.2d 1327 (7th Cir.1980); *FDIC v. Rodenberg,* 571 F.Supp. 455, 459 (D.Md.1983). As such, the FDIC takes the notes free of a defendant's subjective beliefs and intentions. *D'Oench, Duhme,* 315 U.S. at 458–61, 62 S.Ct. at 680–81.

■ The lack of consideration defense is equally unavailing. Courts have held that a lack of consideration does not foreclose the FDIC from recovery on promissory notes. *D'Oench, Duhme,* 315 U.S. at 459–61, 62 S.Ct. at 680–81; *see FDIC v. McClanahan,* 795 F.2d 512, 516 (5th Cir.1986). This is particularly true to the extent defendants' failure of consideration defense relates to a secret agreement between defendants and the bank. Such an agreement tends to misrepresent the value of the bank asset. As such, it is barred by the *D'Oench, Duhme* doctrine. *D'Oench, Duhme,* 315 U.S. at 460, 62 S.Ct. at 680–81; *see also FDIC v. Leach,* 772 F.2d 1262, 1267 (6th Cir.1985); *FDIC v. Gardner,* 606 F.Supp. 1484, 1488–89 (S.D.Miss.1985); *FDIC v. Vogel,* 437 F.Supp. 660, 663 (E.D. Wis.1977).

■ Defendants additionally claim that the bank's write-down of the notes acts as a defense. Defendants argue that because the revaluation of the notes was recorded, it is in compliance with 12 U.S.C. § 1823(e) and valid against the FDIC. A bank's decision to depreciate an asset, such as an outstanding claim arising from a promissory note and a loan agreement, is an act of economic assessment in regard to the specific asset.[4] Depending on defendants' economic status, the bank's (or now the FDIC's) claim may well be economically of no value at all. Nevertheless, the effect of an established rule of law such as *D'Oench, Duhme* and the mandate of 12

U.S.C. § 1823(e) is clearly not affected by such an economic judgment. The note retains all legal attributes pertaining to it before the devaluation. The Court holds that, as a matter of law, defendants may not rely on plaintiff's devaluation as a defense.

■ Defendants also contend that the FDIC did not comply with 12 U.S.C. § 1823(c)(1) and (c)(4)(A) when taking over the Oak Park Heights Bank. The averments are made as bald assertions in the face of a contrary record in Washington County District Court.[5] *In Re Oak Park Bank,* No. 88–1855, mem. op. at 3 (Minn. Dist.Ct.Washington Cty. April 29, 1988) (Tomljanovich, J.). In any event, it is for defendants to bring forth concrete and admissible rebuttal evidence. *Celotex,* 477 U.S. at 327, 106 S.Ct. at 2552–53. Defendants have wholly failed to demonstrate why the bank assumption might be contrary to law—a failure which clearly mandates summary judgment in favor of the FDIC on this issue.

■ Finally, defendants assert state law defenses. The language of the notes provides that Minnesota law is to govern disputes regarding the notes. Defendants contend that federal law should not apply to their enforcement, since the choice of law clause meets the requirements of 12 U.S.C. § 1823(e).

The Court declines to embrace this argument. The case at bar is clearly within the scope of the *D'Oench, Duhme* doctrine as well as 12 U.S.C. § 1823. Although the state law clause is in writing and recorded, it does not tend to "defeat the right, title or interest" of the FDIC. 12 U.S.C. § 1823(e). There is no question that federal law controls this case.[6] Therefore, the question is

**4.** *FDIC v. Swager, et al.,* Civil No. 4–88–445, mem. op. at 4 (D.Minn. Oct. 3, 1988) (MacLaughlin, J.).

**5.** It is doubtful whether defendants can raise this defense against the FDIC in its corporate capacity. It appears that such a defense, if it ever existed, can only be directed against the FDIC as a receiver. *Cf. First Empire Bank v. FDIC,* 572 F.2d 1361, 1370–71 (9th Cir.), *cert.*

*denied,* 439 U.S. 919, 99 S.Ct. 293, 58 L.Ed.2d 265 (1978).

**6.** Defendants cite *FDIC v. Forte,* 109 Misc.2d 546, 440 N.Y.S.2d 500 (1981), *aff'd, FDIC v. Forte,* 94 A.D.2d 59, 463 N.Y.S.2d 844 (1983), and assert that the FDIC's action should be bound by Minnesota law.

The Court, however, finds *FDIC v. Forte, supra,* to be inapplicable in both its holding and its

whether defendants' alleged non-written agreements can prevail against the admitted written terms of the notes or loan agreements. The answer is they do not.

■ A conversion, accord and satisfaction, or novation—explicit or implicit agreements between two or more parties—necessarily entail a shift in the FDIC's rights to recovery. As such, pursuant to *D'Oench, Duhme* and 12 U.S.C. § 1823, the claimed event must be memorialized in writing, executed, approved, and recorded. Defendants put forth no concrete facts tending to demonstrate that a conversion, accord and satisfaction, or novation was recorded in any manner with the bank.[7] Defendants only offer evidence suggesting one of these events might have taken place—facts clearly insufficient to meet the standards of summary judgment. Defendants' only evidence is admittedly oral and does not meet the tenets set forth by the Supreme Court or Congress.[8]

■ In this case, defendants acknowledge they signed the promissory notes, thereby lending themselves to a fraudulent and deceptive scheme. While the transaction went sour, their participation in this scheme does not render the notes void as to the FDIC.

■ Defendants also ask the Court to weigh the equities in this matter, hoping, in effect, the Court will look past the clear

letter of the law. The Court declines to undertake such an unwarranted investigation. The Supreme Court of the United States has unequivocally adopted a construction of § 1823(e) as a "categorical recording scheme." *Langley v. FDIC,* 484 U.S. at 95, 108 S.Ct. at 403. There is no sweeping good faith exception to § 1823(e) except in cases where a "right, title or interest" is completely absent. *Id.* at 94–95, 108 S.Ct. at 402 (*quoting* 12 U.S.C. § 1823(e)). Following the Supreme Court, this Court will not attempt to gainsay Congress' own balance of the equities. Congress has passed an unambiguous statute, *see Langley,* 484 U.S. at 95, 108 S.Ct. at 403; *FDIC v. Manatt,* 688 F.Supp. 1327, 1329 (E.D.Ark.1988), and the Court declines to infringe upon Congress' measured decision.

Accordingly, based on the files, records, and proceedings herein, and for the reasons set forth above, IT IS ORDERED that:

1. In *FDIC v. David J. Fisher,* Civil No. 4–88–557, judgment be entered in favor of plaintiff and against defendant in the amount of $111,939.05, plus interest in the amount of $32.66 for each day between December 12, 1988, and the date of this order.

2. In *FDIC v. John E. Walsh,* Civil No. 4–88–558, judgment be entered in favor of plaintiff and against defendant in the

facts. The Supreme Court of New York limited its holding that New York law applied to the foreclosure of a mortgage by explicitly confining it to situations where "there is no Federal statute or overriding national policy." *FDIC v. Forte,* 440 N.Y.S.2d at 501–02. The New York state court decision acknowledged that 12 U.S.C. § 1823 was "irrelevant" in the factual circumstances of the *Forte* case. *Id.* 440 N.Y.S.2d at 501. The court stated: "Thus, the local statute applies in the absence of expressed congressional purpose or need of federal uniformity." *Id.* at 502. The state court noted, "[t]here is no suggestion here ... that state law is hostile to the federal scheme." *Id.* at 502 (*citing United States v. O'Connell,* 496 F.2d 1329, 1332 (2d Cir.1984)). The holding is, therefore, crafted to except those circumstances in which the "privilege conferred under title 12 U.S.C. § 1823" is applicable. *Id.* 440 N.Y.S.2d at 506.

Further, this case presents entirely different facts from those confronted in *Forte. Forte* involved a question as to which federal law is

silent, namely whether a foreclosure sale was to be measured under a commercial reasonableness standard only or whether it had to realize the fair market value of the collateral. *Id.* at 501. It is clear, and the Court finds, that the issue in the *Forte* case is entirely unrelated to the federal policy question arising in the instant litigation.

7. At trial, defendants would clearly bear the burden of proof as to their defenses. A defendant claiming accord and satisfaction, for example, has the burden of proof on that issue. *Larsen v. Erickson,* 549 F.2d 1136, 1139 (8th Cir. 1977). Defendants' burden remains with them in the face of plaintiff's motion for summary judgment.

8. Additionally, defendants' assertion that the FDIC is not a holder in due course is unavailing; plaintiff simply does not support its claim by reliance on that theory.

amount of $111,939.05, plus interest in the amount of $32.66 for each day between December 12, 1988, and the date of this order.

3. In *FDIC v. Rodney M. Skogen*, Civil No. 4–88–559, judgment be entered in favor of plaintiff and against defendant in the amount of $111,939.05, plus interest in the amount of $32.66 for each day between December 12, 1988, and the date of this order.

4. In *FDIC v. Harold D. Kimmel*, Civil No. 4–88–653, judgment be entered in favor of plaintiff and against defendant in the amount of $111,939.05, plus interest in the amount of $32.66 for each day between December 12, 1988, and the date of this order.

5. In *FDIC v. James Reding and Terrence Votel*, Civil No. 4–88–710, judgment be entered in favor of plaintiff and against defendants in the amount of $102,962.72, plus interest in the amount of $32.66 for each day between December 12, 1988, and the date of this order.

LET JUDGMENT BE ENTERED ACCORDINGLY.