PERINI CORPORATION, Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE COR-PORATION, Liquidating Agent of First American Bank For Savings, Defendant.

Civ. A. No. 90–12796–K.

United States District Court,
D. Massachusetts.

Jan. 22, 1991.

Joseph I. Schindler, Klieman, Lyons, Schindler, Gross & Pabian, Boston, Mass., for plaintiff.

Geoffrey C. Cook, William L. Patton, Robert J. Stillman, Ropes & Gray, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

KEETON, District Judge.

This is an action in which plaintiff alleges various state law claims against First American Bank for Savings (the "Bank"), a Massachusetts chartered savings bank, arising out of an alleged agreement by the Bank to compensate plaintiff directly for work performed by plaintiff at a construction site that was the subject of a construction loan extended by the Bank to a borrower who is not a party to this action.

The Complaint in this action was originally filed in Suffolk Superior Court on December 26, 1989. However, on October 19, 1990 the Massachusetts Commissioner of Banks, pursuant to his powers under Mass. Gen.L. ch. 167, § 26, appointed the Federal Deposit Insurance Corporation (the "FDIC") as liquidating agent for the Bank. This appointment was confirmed by an order of the Supreme Judicial Court dated October 19, 1990. *See* Order On Petition for Confirmation of Appointment of the Federal Deposit Insurance Corporation as Liquidating Agent, SJC Civil Action No. 90–477, attached as Exhibit A to Docket No. 1 in this action. Subsequently, on November 16, 1990, the FDIC filed a Notice of Removal (Docket No. 1) removing this action to this court. In the text of the Notice of Removal, the FDIC moved to be substituted as the defendant in this action. Now before the court are Plaintiff's Motion to Remand (Docket No. 2, filed November 27, 1990) and the FDIC's Opposition (Docket No. 4, filed December 10, 1990).

I.

The FDIC cites, as the basis for this court's removal jurisdiction, 12 U.S.C. § 1819(b)(2), which reads in relevant part as follows:

(A) In General. Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States.

(B) Removal. Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States District Court.

.      .      .      .      .

(D) State Actions. Except as provided in subparagraph (E) [which is not relevant to this decision], any action—

(i) to which the Corporation, in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;

(ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and

(iii) in which only the interpretation of the law of such State is necessary,

shall not be deemed to arise under the laws of the United States.

Plaintiff asserts that the foregoing state action exception of § 1819(b)(2)(D) applies to this case, and that this case should thus be remanded.

The FDIC does not contest the fact that subparts (i) and (ii) of § 1819(b)(2)(D) apply to this case. However, the FDIC states that this is not a case "in which only the interpretation of the law of … [Massachusetts] is necessary" pursuant to § 1819(b)(2)(D)(iii), and that this case should therefore not be remanded under the state action exception. In support of this assertion, the FDIC states that the doctrine of *D'Oench, Duhme & Co. v. Federal Deposit Insurance Corporation*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956, *reh'g denied*, 315 U.S. 830, 62 S.Ct. 910, 86 L.Ed. 1224 (1942) (secret agreements entered into by insured bank not enforceable against the FDIC) and the requirements of 12 U.S.C. § 1823(e)(3) and 12 U.S.C. § 1821(d)(9)(A), the statutory embodiments of the *D'Oench, Duhme* doctrine, are a defense to the enforceability, as against the FDIC, of the alleged agreement between the Bank and plaintiff at issue in this case. The FDIC further states that federal common law prevents plaintiff from collecting treble damages against the FDIC under Mass.Gen.L. ch. 93A.

In essence, the FDIC argues that as long as it is necessary for a court to consider federal law when deciding a case that is otherwise a candidate for remand under the state action exception to 12 U.S.C. § 1819(b)(2)(B)—notwithstanding the fact that the federal law issues are not presented in the case on the face of a well-pleaded complaint—then 12 U.S.C. § 1819(b)(2)(D)(iii) does not require that case to be remanded. Plaintiff has not presented an alternative interpretation of § 1819(b)(2)(D)(iii), but has merely attempted to address and refute the FDIC's purported federal law defenses.

■ The plain words of § 1819(b)(2)(D)(iii) indicate that the state action exception is limited to cases in which *"only* the interpretation of the law of … [a] State is necessary."* Therefore, I conclude that if a court, when faced with a motion to remand pursuant to § 1819(b)(2)(D), concludes from the pleadings then before it that issues of federal law are necessary to the determination of the case—even if those federal law issues are introduced by the FDIC merely as defenses to state law claims—then the case is not one "in which only the interpretation of … [state law] is necessary" within the meaning of § 1819(b)(2)(D)(iii) and the case should not be remanded.

Section 1819(b)(2)(D) was enacted by Congress in 1989 as part of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"). It replaced

a similar provision, 12 U.S.C. § 1819 Fourth, which read in relevant part:

> [A]ny such suit to which the Corporation is a party in its capacity as a receiver of a State bank and which involves only the rights or obligations of depositors, stockholders, and such State bank under State law shall not be deemed to arise under the laws of the United States.

The court has found only two cases that have considered the new § 1819(b)(2)(D)(iii). In *Fisher v. Oak Park Bank*, 1990 WL 134408, 1990 U.S. Dist. LEXIS 12306 (D.Minn., September 13, 1990), the plaintiffs originally sued the FDIC, in its capacity as a receiver, in state court alleging numerous state law claims relating to promissory notes on which plaintiffs were obligors. The FDIC removed the case to district court and moved for summary judgment based on the *D'Oench, Duhme* doctrine. Plaintiffs contended that the case should be remanded under the state action exception of § 1819(b)(2)(D). The FDIC responded to plaintiffs' contention by stating that "the claims involve federal law because this court has previously held plaintiffs' claims to be ineffective as defenses against the FDIC–corporate [i.e., the FDIC in its corporate capacity]" in a related lawsuit to enforce the promissory notes, and that the case thus did not fall under the state action exception. *Fisher*, 1990 WL 134408, 1990 U.S. Dist. LEXIS at *9. It is not entirely clear, from the foregoing passage, on what basis the FDIC asserted that federal law was necessary to the decision of *Fisher*, but it appears that the FDIC was asserting that federal law was the basis for a dispositive defense. The court did not recognize merit in the FDIC's argument. It held that the plaintiffs' claims did not arise under the laws of the United States and remanded pursuant to § 1819(b)(2)(D). *Fisher*, 1990 WL 134408, 1990 U.S. Dist. LEXIS at *10-*13. Thus, the court interpreted § 1819(b)(2)(D)(iii) to mean that unless a case arises under the laws of the United States, it must be remanded as long as the other requirements of § 1819(b)(2)(D) are met.

In *Mullins v. Timmons*, No. M–89–086, slip op. (S.D.Tex., April 12, 1990), plaintiffs originally sued a state bank in state court alleging that the bank had made certain fraudulent representations relating to two promissory notes on which plaintiffs were obligors. The FDIC was subsequently appointed receiver of the state bank and removed the action to district court. Plaintiffs moved to remand, asserting in part that the court did not have subject matter jurisdiction over the case. The court concluded that the case should not be remanded because it did not involve "only the preclosing rights against the State institution" within the meaning of § 1819(b)(2)(D)(ii). *Mullins*, slip op. at 5. However, in dicta, the court noted that the FDIC's liability on the promissory notes was governed by the federal law *D'Oench, Duhme* doctrine. *Mullins*, slip op. at 5–6. Thus, the court implied that § 1819(b)(2)(D)(iii) was an alternative basis for its decision not to remand the case. The court believed, contrary to the *Fisher* court's reasoning, that if federal law is introduced into a case as a defense to a state law claim, then the case is not one "in which only the interpretation of the law of such State is necessary" within the meaning of § 1819(b)(2)(D)(iii).

Congress was surely aware of the "well-pleaded complaint rule" of *Gully v. First National Bank*, 299 U.S. 109, 113, 57 S.Ct. 96, 98, 81 L.Ed. 70 (1936) (holding that the basis for "arising under" jurisdiction pursuant to [the predecessor to 28 U.S.C. § 1331] must be presented "upon the face of the complaint, unaided by the answer or by the petition for removal") when it enacted § 1819(b)(2)(D). If Congress had desired to require all cases to be remanded under § 1819(b)(2)(D) unless they met the requirements of the "well-pleaded complaint rule," which is what the court concluded in *Fisher*, it could easily have manifested that intent. However, it failed to do so, and the plain words of § 1819(b)(2)(D)(iii) dictate the interpretation that this court has given that subsection.

The court has found one case interpreting the "under state law" provision (analogous to the new § 1819(b)(2)(D)(iii)) of 12 U.S.C. § 1730(k)(1), a section recently re-

pealed by Congress (*see* Pub.L. 101–73, Title IV, § 407, Aug. 9, 1989, 103 Stat. 363) that was formerly applicable to the Federal Savings and Loan Insurance Corporation ("FSLIC") and that paralleled the former § 1819 Fourth. *See Federal Savings and Loan Insurance Corporation v. Ticktin,* 832 F.2d 1438, 1445–46 (7th Cir.1987), *rev'd on other grounds,* 490 U.S. 82, 109 S.Ct. 1626, 104 L.Ed.2d 73 (1989). In *Ticktin,* the court concluded that the "under state law" provision of § 1730(k)(1)—which prohibited federal court jurisdiction over certain types of cases involving the rights of FSLIC and other parties under state law— did not necessarily prevent remand merely because federal law issues were present in a case. *Ticktin,* 832 F.2d at 1445. However, *Ticktin* has no bearing on this case because the words of § 1819(b)(2)(D)(iii), interpreted above, are materially different from the old words of the "under state law" proviso of § 1730(k)(1) and § 1819 Fourth.

## II.

The FDIC states that the *D'Oench, Duhme* doctrine and the statutes codifying that doctrine, 12 U.S.C. §§ 1823(e)(3) and 1821(d)(9)(A), constitute a complete defense to plaintiff's claims that relate to the alleged promise by a bank official to pay plaintiff directly for work performed at the construction site. Plaintiff contests the FDIC's assertion of the applicability of the *D'Oench, Duhme* doctrine to this case, claiming that *D'Oench, Duhme* "applies only in those situations where a party has participated in a scheme which misrepresented or tended to misrepresent the failed bank's assets." Motion to Remand at p. 2. Moreover, plaintiff states that § 1823(e), the codification of *D'Oench, Duhme,* merely sets forth the standards by which a side agreement may be used as a defense to the enforcement by the FDIC of an otherwise unqualified obligation.

The FDIC need not demonstrate that it will ultimately prevail on its arguments regarding the *D'Oench, Duhme* doctrine in order to demonstrate this court's jurisdiction over the case. To establish federal court jurisdiction, the FDIC need only demonstrate that, to decide the case on its merits, the court must necessarily decide—either adversely to the FDIC or in its favor—that disputable issue of federal law. 12 U.S.C. § 1819(b)(2)(D)(iii). This is not a case where the FDIC has raised an issue of federal law that "is so patently without merits as to justify ... the court's ... [remand] for want of jurisdiction." *Bell v. Hood,* 327 U.S. 678, 683, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946). Although the court is rendering no decision here regarding the *D'Oench, Duhme* issue, the court notes that there is case law to support the FDIC's contention that *D'Oench, Duhme* is a defense to any agreement that is not recorded in the books of the bank for which it was appointed receiver. *See Bowen v. Federal Deposit Insurance Corporation,* 915 F.2d 1013, 1016–16 (5th Cir.1990). A court must decide the validity of the FDIC's *D'Oench, Duhme* defense in order to decide plaintiff's claims on their merits. In these circumstances, this court has removal jurisdiction over this case pursuant to 12 U.S.C. § 1819(b)(2)(B) and this case should not be remanded pursuant to 12 U.S.C. § 1819(b)(2)(D).

## III.

Because the court has concluded that it has jurisdiction over this case, given the presence of the *D'Oench, Duhme* issue, it is not necessary to determine whether the other issue of federal law alleged by the FDIC to be involved in the decision of the case—the inapplicability of the treble damages provision of ch. 93A to the FDIC—is an independent basis for jurisdiction in that it is necessary to the decision of this case within the meaning of 12 U.S.C. § 1819(b)(2)(D)(iii).

For the foregoing reasons, it is ORDERED:

(1) The motion of the Federal Deposit Insurance Corporation to be substituted as the party defendant in this action is allowed.

(2) The motion to remand (Docket No. 2) of plaintiff Perini Corporation is denied.