James A. REDING; Terrance
W. Votel, Appellees,

v.

FEDERAL DEPOSIT INSURANCE COR-
PORATION as receiver of Oak Park
Bank, d/b/a Oak Park Heights State
Bank, Appellant.

Rodney M. SKOGEN, Appellee,

v.

FEDERAL DEPOSIT INSURANCE COR-
PORATION as receiver of the Oak
Park Bank, d/b/a Oak Park Heights
State Bank, Appellant.

David J. FISHER, Appellee,

v.

FEDERAL DEPOSIT INSURANCE COR-
PORATION as receiver of Oak Park
Bank, d/b/a Oak Park Heights State
Bank, Appellant.

John E. WALSH, Appellee,

v.

FEDERAL DEPOSIT INSURANCE COR-
PORATION as receiver of Oak Park
Bank, d/b/a Oak Park Heights State
Bank, Appellant.

No. 91–1046.

United States Court of Appeals,
Eighth Circuit.

Submitted June 10, 1991.

Decided Aug. 21, 1991.

Brian E. Palmer, Minneapolis, Minn., argued (Amy Farr Robertson, Minneapolis, Minn., and Ann S. DuRoss, Joan E. Smiley and E. Whitney Drake, Washington, D.C., on brief), for appellant.

Gerald S. Duffy, Minneapolis, Minn. and Terrance W. Votel, St. Paul, Minn., for appellee.

* The HONORABLE PAUL H. RONEY, Senior Circuit Judge for the United States Court of Appeals for the Eleventh Circuit, sitting by designation.

1. Section 1823(e) provides:
 No agreement which tends to diminish or defeat the interest of the Corporation in any asset acquired by it under this section or section 1821 of this title, either as security for

Before LAY, Chief Judge, RONEY,* Senior Circuit Judge, and WOLLMAN, Circuit Judge.

LAY, Chief Judge.

The FDIC was sued as receiver of a failed state bank in Minnesota state court and thereafter removed the plaintiffs' suit from state to federal court. The district court, pursuant to 12 U.S.C. § 1819 (1989), found that it lacked subject-matter jurisdiction and remanded the case back to state court. We reverse the decision of the district court, and remand the case for further proceedings.

## BACKGROUND

In April, 1986, James Reding, Terrance Votel, Rodney Skogen, David Fisher, and John Walsh (collectively "debtors") executed identical promissory notes in favor of Oak Park Bank ("Bank") of Stillwater, Minnesota. Following the failure of the Bank, the FDIC was appointed receiver by the Minnesota Commissioner of Commerce, pursuant to 12 U.S.C. § 1821(c) (1989), and Minn.Stat. § 49.05 subd. 5. In its capacity as receiver ("FDIC-receiver"), the FDIC sold the debtors' notes to the FDIC in its corporate capacity ("FDIC-corporate"). Prior to its failure, the Bank had instituted a collection action against the debtors in state court. FDIC-corporate was substituted for the Bank and it removed the case to federal district court. The debtors raised numerous defenses to the collection action, including fraudulent inducement, misrepresentation, lack of consideration, accord and satisfaction, novation, misappropriation, and conversion. The district court granted the FDIC's motion for summary judgment, holding that the debtors' defenses were barred by 12 U.S.C. § 1823(e) (1989)[1] and

a loan or by purchase or as receiver of any insured depository institution, shall be valid against the Corporation unless such agreement—
 (1) is in writing,
 (2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, con-

the doctrine embodied in *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942).[2] *FDIC v. Fisher*, 727 F.Supp. 1306, 1309–10 (D.Minn.1989) (*"Fisher I"*). This finding has never been challenged.

While the FDIC's motion for summary judgment was pending before the district court in *Fisher I*, the debtors filed this lawsuit in state court against FDIC-receiver, alleging the same claims the debtors were asserting as defenses in the collection action by FDIC-corporate. All of these were state law claims. Relying on the removal provision of 12 U.S.C. § 1819(b)(2)(B) (1989), the FDIC removed the case to federal court and moved for dismissal under Fed.R.Civ.P. 12(b)(6) or in the alternative for summary judgment. The debtors moved to remand the case, arguing that the district court lacked federal jurisdiction. They relied on section 1819(b)(2)(D), which provides that the FDIC cannot remove cases and federal jurisdiction does not exist when certain conditions are present.

The district court acknowledged that the debtors' recycled claims had already been decided against them in *Fisher I*, but found that this fact did not affect the jurisdictional issue in this case. The court rejected as "bootstrapping" any suggestion that removal power and federal jurisdiction were created merely because the claims had been presented previously in an action between the FDIC in its corporate capacity and the debtors. *Fisher v. Oak Park Bank*, 1990 WL 134408 at *4 (D.Minn., Sept. 13, 1990) (*"Fisher II"*). The district court then recognized that jurisdiction, under the provisions of section 1819, would be

proper unless the debtors fell within the exceptions in section 1819(b)(2)(D). All the parties acknowledged that the first two exceptions were met, but disagreed about whether subpart (iii) requiring that only state law issues be present was met. Without explicitly stating so, the district court applied the "well-pleaded complaint" rule, and held that section 1819(b)(2)(D)(iii) could not be interpreted to mean that federal law was injected into the controversy when the FDIC would be relying on federal law as a defense. The district court then ordered the case remanded to state court. The FDIC appeals the remand order[3] and also asks this court to grant the FDIC summary judgment or to dismiss the debtors' claims.

## ANALYSIS

### I. *SECTION 1819(b)(2)(D)(iii)*

#### A.

Whether the FDIC had the power to remove this case, and whether the federal courts have jurisdiction over this lawsuit, turns upon the interpretation of 12 U.S.C. § 1819(b)(2)(D)(iii). While this suit was pending, Congress passed the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), which amended section 1819 and section 1823. The district court held that the amendments to section 1819 affect jurisdiction and thus should be applied retroactively. *See FDIC v. Kasal*, 913 F.2d 487, 493 (8th Cir.1990) (applying FIRREA amendments to section 1819 retroactively), *cert. denied*, —— U.S. ——, 111 S.Ct. 1072, 112 L.Ed.2d 1178 (1991); *see also In re Resolution Trust Corp.*, 888 F.2d 57, 58 (8th Cir.1989) (stating that new statutes chang-

---

temporaneously with the acquisition of the asset by the depository institution;

 (3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and

 (4) has been, continuously, from the time of its execution, an official record of the depository institution.

12 U.S.C. § 1823(e) (1989).

**2.** As originally stated, the *D'Oench* doctrine holds that borrowers may not defend against the collection efforts of the FDIC based upon

"secret" off-the-books agreements. The doctrine has evolved expansively into a rule that also protects the FDIC, in either its corporate or receivership roles, against affirmative claims by borrowers based upon unrecorded agreements. *Bowen v. FDIC*, 915 F.2d 1013, 1015–16 (5th Cir.1990). The agreement need not implicate a specific obligation, such as a note or other asset held by the FDIC. *Id.* at 1016.

**3.** 12 U.S.C. § 1819(b)(2)(C) states: "The Corporation [FDIC] may appeal any order of remand entered by any United States district court."

ing procedural or jurisdictional rules are applied retroactively). As amended, section 1819 [4] gives the FDIC increased power to remove cases from state court and grants federal jurisdiction over cases in which the FDIC is a party unless three limited exceptions exist. Subparagraph (A) states that all actions in which the FDIC is a party are "deemed to arise under the laws of the United States" unless the three exceptions in subparagraph (D) are fulfilled. In relevant part, section 1819(b)(2)(D) states:

any action—

(i) to which the Corporation, in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;

(ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and

(iii) in which only the interpretation of the law of such State is necessary,

shall not be deemed to arise under the laws of the United States.

12 U.S.C. § 1819(b)(2)(D) (1989). The parties agree that subparts (i) and (ii) are satisfied, but dispute whether the debtors have proved that subpart (iii) is met.

The FDIC argues that disposition of this action does not depend only on the interpretation of state law because it has raised federal law as a defense to the suit. The FDIC contends that section 1823(e) and the federal common law doctrine of *D'Oench*

bars this suit, and that to decide the case a court must interpret federal law.

■ The debtors assert that their claims are entirely premised upon state law and that a court must look only to their complaints to decide whether the exception in subpart (iii) applies. The debtors' argument is essentially that the "well-pleaded complaint" rule controls the interpretation of section 1819(b)(2)(D)(iii). The judicially created well-pleaded complaint rule states that the basis of federal jurisdiction must appear on the face of the plaintiff's complaint and that removal to federal court is improper if federal jurisdiction is premised solely upon a plaintiff's allegation of an anticipated defense or upon a defendant's responsive pleading. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808, 809 & n. 6, 106 S.Ct. 3229, 3233 & n. 6, 92 L.Ed.2d 650 (1986); *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9–10, 103 S.Ct. 2841, 2846–2847, 77 L.Ed.2d 420 (1983). Two federal circuits and one district court have recently rejected the same argument pressed by the debtors here.

In *Capizzi v. FDIC*, 937 F.2d 8 (1st Cir. 1991), the court held that the language of section 1819(b)(2)(D)(iii) evidences Congress' intent that courts must look beyond the plaintiff's complaint to any defenses in order to determine if only state law issues are present. *Id.* at 9. In addition, the court found the history of section 1819 and the general purpose of the statute supported the conclusion that the well-pleaded complaint rule did not apply in these circumstances. *Id.* The First Circuit concluded by recognizing that district courts must look to the defenses raised to deter-

---

**4.** In relevant part, section 1819 provides:

(2) Federal court jurisdiction

(A) In general

Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States.

\* \* \* \* \* \*

(D) State actions

Except as provided in subparagraph (E), any action—

(i) to which the Corporation, in the Corporation's capacity as receiver of a State insured

depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;

(ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and

(iii) in which only the interpretation of the law of such State is necessary,

shall not be deemed to arise under the laws of the United States.

12 U.S.C. § 1819 (1989).

mine what they are and "their likely significance" to the case. *Id.* at 11.

Likewise, in *Lazuka v. FDIC,* 931 F.2d 1530 (11th Cir.1991), the court held that section 1819 creates a "rebuttable presumption" of federal jurisdiction for cases involving the FDIC and that the wording of the amendments to section 1819 shows Congress' intent to nullify the well-pleaded complaint rule when interpreting the exception in subpart (iii). *Id.* at 1535.[5] The Eleventh Circuit reasoned that by "deeming" actions to arise under federal law, Congress placed the burden of defeating federal jurisdiction on the plaintiff and eliminated the requirement that the basis for federal jurisdiction appear on the face of the plaintiff's complaint. *Id.* The court concluded that when the FDIC raises federal law as a defense to a plaintiff's state law claim, a plaintiff will not have satisfied the exception in subpart (iii) and the case cannot be remanded to state court.

Finally, in *Perini Corp. v. FDIC,* 754 F.Supp. 235 (D.Mass.1991), Judge Keeton also found that Congress intended to overcome the well-pleaded complaint rule when enacting section 1819(b)(2)(D)(iii). *Id.* at 237. The court discussed the district court's decision in this case (*Fisher II*) and specifically rejected its reasoning. *Id.*

Although not explicitly referring to the well-pleaded complaint rule, this circuit recently interpreted the exception in section 1819(b)(2)(D)(iii) to mean that federal jurisdiction can be premised upon a federal defense asserted by the FDIC. In *Empire State Bank v. Citizens State Bank,* 932 F.2d 1250 (8th Cir.1991), *pet. for reh'g denied* (Lay, C.J., dissenting), we interpreted the exception to federal jurisdiction listed

in subpart (iii) to mean that remand is inappropriate when the federal district court "must decide a 'disputable issue of federal law' " to resolve the case, even if the issue is raised by defendant FDIC. *Id.* at 1253 (quoting *Perini,* 754 F.Supp. at 238). The court, however, found that the FDIC's defense under section 1823(e) did not present a disputable issue of federal law because the success of the plaintiff's claims were "wholly dependent upon state law." *Id.*

 We hold that section 1819 establishes a rebuttable presumption that the FDIC may properly remove any case in which it is a party, and that federal jurisdiction is proper unless the opposing party can prove that the three exceptions in section 1819(b)(2)(D) are applicable. When the party opposing the FDIC relies on the "state law" exception of section 1819(b)(2)(D)(iii) and argues that only issues of state law are present, the exception is not met if the FDIC seeks to rely on a defense raising a disputable issue of federal law. The FDIC, however, cannot automatically defeat the exception in subpart (iii) by merely *asserting* a defense based on federal law because such a rule would completely eviscerate the exception. For the state law exception to apply, the district court must find that the FDIC's defense does not genuinely raise a disputable issue under federal law. The district court should not make a determination upon the merits of the defense. *See Capizzi,* 937 F.2d at 11. To uphold the presumption of federal jurisdiction, the district court need find only that the FDIC's claimed federal defense presents a colorable issue for decision and is not meritless. *See Perini,* 754 F.Supp. at 238.[6]

---

5. The Supreme Court has recognized that Congress can preempt the judicially-created well-pleaded complaint rule. *Mesa v. California,* 489 U.S. 121, 136, 109 S.Ct. 959, 968, 103 L.Ed.2d 99 (1989). In *Mesa,* the Court held that Congress enacted 28 U.S.C. § 1442(a) to overcome the rule that defenses based upon federal law cannot be the basis of federal jurisdiction, thus allowing federal officers to remove suits when they have alleged a federal defense. *Id.* The *Lazuka* court found that section 1442(a) is analogous to section 1819, and adopted the Supreme Court's reasoning in *Mesa* to support its

conclusion that Congress was intending to abrogate the well-pleaded complaint rule through the amendments to section 1819. *Lazuka,* 931 F.2d at 1534-35.

6. When the FDIC first raises a federal defense in an effort to show that the exception in section 1819(b)(2)(D)(iii) is not applicable, the opposing party should have an opportunity to respond if it wishes to argue that the defense is inapplicable or meritless.

We believe this rule makes the exceptions in section 1819(b)(2)(D) viable, while preserving Congress' overall desire "that cases involving FDIC should generally be heard and decided by the federal courts." *Kirkbride v. Continental Casualty Co.,* 933 F.2d 729, 731–32 (9th Cir.1991) (citation omitted).

#### B.

■ Applying this rule to the case before us, we find the district court erred in ordering the case to be remanded to state court based upon the exception in section 1819(b)(2)(D)(iii). The FDIC resisted the debtors' motion to remand and stated that it was relying on section 1823(e) and the common-law doctrine of *D'Oench* as defenses. The *D'Oench* rule has been expansively interpreted to bar the use of unrecorded agreements as the basis of either defenses or affirmative claims against the FDIC. *See Bowen v. FDIC,* 915 F.2d 1013, 1015–16 (5th Cir.1990). Section 1823(e), as amended by FIRREA,[7] essentially codifies the *D'Oench* doctrine and both are generally construed in tandem. *See Empire State Bank,* 932 F.2d at 1253 & n. 6. Both, however, remain separate and independent grounds for decision. *FDIC v. Kasal,* 913 F.2d 487, 491 (8th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1072, 112 L.Ed.2d 1178 (1991). This case was pending when Congress amended section 1823(e) to make it apply to the FDIC in its receivership capacity. This court, along with several district courts, has held that the amendments to section 1823 apply retroactively to cases pending when the amendments were passed. *See Kasal,* 913 F.2d at 487; *FDIC v. Sullivan,* 744 F.Supp. 239, 241 (D.Colo.1990); *Carico v. First Nat'l Bank of Bogata,* 734 F.Supp. 768, 770 (E.D.Tex.1990).

■ There is strong authority supporting the FDIC's use of both section 1823(e) and *D'Oench* as defenses in cases in which plaintiffs seek to assert affirmative state law claims against the FDIC as receiver of a failed state bank arising from agreements which diminish the assets acquired by the FDIC. *See, e.g., Bowen,* 915 F.2d at 1016 (applying *D'Oench* to bar fraud, promissory estoppel, and breach of fiduciary duty claims against FDIC-receiver); *Kasal,* 913 F.2d at 493 (applying section 1823(e) to bar counterclaims against FDIC-receiver alleging misappropriation, breach of contract, promissory estoppel, negligence, and misrepresentation). The debtors' claims arguably arise from extraneous agreements and clearly tend to diminish the assets acquired by the FDIC. Thus, the FDIC has raised a disputable issue of federal law regarding whether section 1823(e) and *D'Oench* apply to bar the debtors' claims and the case should be retained in the federal courts for decision on the merits.[8]

## II. DISMISSAL OF CLAIMS WITH PREJUDICE

In addition to resisting the debtors' motion of remand, the FDIC also moved for dismissal or summary judgment in the district court. The FDIC has asked this court to dismiss the debtors' claims with prejudice based upon section 1823(e) and *D'Oench* if we should find the district court incorrectly determined it lacked jurisdiction. This court does have the inherent authority to consider and act upon the FDIC's motion in the first instance. *See Pullman–Standard v. Swint,* 456 U.S. 273, 292, 102 S.Ct. 1781, 1792, 72 L.Ed.2d 66 (1982); *Kasal,* 913 F.2d at 493. We decline, however, to decide the FDIC's motion as we believe the district court is in a better position to evaluate the record and reach a decision on the merits.

---

7. Prior to the 1989 FIRREA amendments, section 1823(e) only applied to the FDIC in its corporate capacity. Section 1823(e) now also applies to the FDIC in its receivership capacity. *See also* 12 U.S.C. § 1821(d)(9)(A) (1989) (any agreement which does not meet the requirements of section 1823(e) cannot form the basis of a claim against the FDIC).

8. We agree with the district court that federal jurisdiction in this action against the FDIC-receiver could not be based merely on the fact that the FDIC in its corporate capacity previously had litigated a collection action against these same plaintiffs based upon the same notes.

CONCLUSION

The order of the district court remanding this case to state court is reversed. The case is remanded to the district court for further proceedings consistent with this opinion.