**BASCOM CONSTRUCTION, INC.**

v.

**FEDERAL DEPOSIT INSURANCE CORP. as Receiver of City Bank and Trust.**

**Civ. No. 91–177–D.**

United States District Court, D. New Hampshire.

Nov. 14, 1991.

---

**124**

Michael A. Fuerst, Claremont, N.H., for plaintiff.

Karl W. Clauson, Hanover, N.H., for defendant.

### ORDER

DEVINE, Chief Judge.

The court again has before it plaintiff's motion to remand this civil action to the New Hampshire Supreme Court. Upon originally analyzing plaintiff's motion, the court recognized that remand would be appropriate unless defendant raised an issue of federal law. *See generally* Order of September 27, 1991. Accordingly, the court ordered defendant to supplement the record. As defendants have done so,[1] and plaintiffs have timely responded, the court turns to the merits of the motion.[2]

### Discussion

Congress has given FDIC the power to remove from state court nearly any case in which it is a party. 12 U.S.C. § 1819(b)(2). Under section 1819(b)(2)(A), all cases, with limited exception, are deemed, for jurisdictional purposes, to "arise under the laws of the United States," and are therefore re-movable. The exception to this broad removal power, as contained in section (b)(2)(D), states that any action

(i) to which the Corporation, in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;

(ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and

(iii) in which only the interpretation of the law of such State is necessary, shall not be deemed to arise under the laws of the United States.

Only the requirement of subsection (iii) is before the court. In considering the "state law" issue, courts have departed from the "well-pleaded complaint" rule that traditionally applies to federal question jurisdiction disputes and have looked beyond the complaint to assess the existence of federal issues. Accordingly, courts have held that as long as a disputable federal issue is raised, even in the form of a defense by FDIC, subsection (iii) would not be satisfied and remand would be improper. *Capizzi v. FDIC,* 937 F.2d 8 (1st Cir.1991); *Empire State Bank v. Citizens State Bank,* 932 F.2d 1250 (8th Cir.1991), *reh'g denied, id.* at 1254, *reh'g en banc denied, id.; Lazuka v. FDIC,* 931 F.2d 1530 (11th Cir.1991), *Perini Corp. v. FDIC,* 754 F.Supp. 235 (D.Mass.1991).

In the instant case, the question before the New Hampshire Supreme Court was whether plaintiff, as a holder of a mechanic's lien on a bankrupt property, has standing to raise a claim that the bank, for which FDIC has substituted, underbid the property at a foreclosure sale, thereby depriving the lienholding plaintiff of a recov-

---

1. Defendant's response is actually a motion to dismiss, the basis of which is the same federal law which, if applicable, would preclude remand. Because plaintiff's motion to remand and defendant's motion to dismiss are inextricably related, the court addresses the issues raised in both simultaneously.

2. A detailed recitation of the facts of this case is contained in the September 27 order and will not be here repeated.

ery. *See Murphy v. Financial Dev. Corp.*, 126 N.H. 536, 495 A.2d 1245 (1985).

In response, FDIC asserts a federal defense based on the landmark case of *D'Oench Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), and its statutory parallel, 12 U.S.C. § 1823(e).[3] In addressing the removal question, the court need not decide whether the asserted defenses will ultimately succeed; rather, FDIC must show merely that "to decide the case on its merits, the court must necessarily decide—either adversely to the FDIC or in its favor—that disputable issue of federal law." *Perini, supra*, 754 F.Supp. at 238; *Reding v. FDIC*, 942 F.2d 1254 (8th Cir.1991).

In *D'Oench*, a note had been signed with an alleged understanding that the bank would not call it in for payment. The Supreme Court held that an obligor who "lent himself to a scheme or arrangement" that was likely to mislead bank examiners may not assert such side agreements against the FDIC. *Id.* 315 U.S. at 460, 62 S.Ct. at 680–681. As stated by the Fifth Circuit in *Bowen v. FDIC*, 915 F.2d 1013 (5th Cir. 1990),

> The [*D'Oench*] doctrine means that the government has no duty to compile oral histories of the bank's customers and loan officers. Nor must the FDIC retain linguists and cryptologists to tease out the meaning of facially-unencumbered notes. Spreadsheet experts need not be joined by historians, soothsayers, and spiritualists in a Lewis Carroll-like search for a bank's unrecorded liabilities. *Id.* at 1016.

Here, FDIC characterizes plaintiff's claim as charging that the bank failed to act with due diligence in obtaining an appropriate price at the foreclosure sale, and argues that such "due diligence" claims are barred by *D'Oench* and section 1823(e). Motion to Dismiss, ¶¶ 8–10.

Neither the cases cited by FDIC nor those examined by the court, however, support the existence of such a bar. For example, FDIC argues that *Langley v. FDIC*, 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987), "broadly interpreted the requirements of [12 U.S.C. § 1823(e) ] to reach and bar claims such as the failure of the bank to act with 'due diligence.'" Motion to Dismiss, ¶ 11. This court, however, discerns no such mandate from *Langley*, in which the Supreme Court held that the term "agreement" as contained in section 1823(e) must be construed broadly to encompass not just promises to perform in the future, but also alleged misrepresentations as to existing facts. *Id.* at 93, 108 S.Ct. at 402. Nor is *Beighley v. FDIC*, 868 F.2d 776 (5th Cir.1989), helpful to FDIC. That case involved the paradigm *D'Oench* /§ 1823(e) situation involving an alleged oral agreement by the bank to perform. Certainly, whether relying on the common law of *D'Oench* or its statutory counterpart, section 1823(e), the existence of an "agreement" is the cornerstone of the defense. *Langley, supra*.

Here, however, plaintiff's case hinges on the argument that "[N.H.] RSA 447:12-a[4]

---

**3.** 12 U.S.C. § 1823(e) states,

**(e) Agreements against interests of Corporation.**

No agreement which tends to diminish or defeat the interest of the Corporation in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the Corporation unless such agreement—

(1) is in writing,

(2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,

(3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and

(4) has been, continuously, from the time of its execution, an official record of the depository institution.

**4.** RSA 447:12-a provides, in relevant part,

**Attachment Priority.** Such attachment shall have precedence and priority over any construction mortgage. For the purposes of this section a construction mortgage shall mean any mortgage loan made for the purpose of financing the construction, repair or alteration work. Provided that such attachment shall not be entitled to precedence as provided in this section to the extent that the mort-

must be read to give the mechanic's lien-holder rights to challenge the value obtained at foreclosure...." Plaintiff's Objection to Defendant's Motion to Dismiss at ¶ 6. In the court's view, such a claim does not constitute an "agreement" such that *D'Oench* or section 1823(e) is implicated. *Cf. Capizzi, supra,* 937 F.2d at 9 (plaintiff's claim that bank failed to live up to unrecorded promises that it allegedly made is an "agreement" under section 1823(e)); *Beighley, supra,* (*D'Oench* applies to and bars note maker's attempt to escape liability by asserting that lender violated oral agreement relating to note).

While the "FDIC always has the ability to *assert* that it has a federal defense based on section 1823(e)," *Empire State Bank, supra,* 932 F.2d at 1252, remand based on subsection (iii) is inappropriate only where the assertion raises a "disputable issue of federal law." *Id.* In this case, FDIC's defenses do not present such an issue, and plaintiff's success is "wholly dependent upon state law." *Id.* at 1253.

Accordingly, plaintiff's motion to remand to the New Hampshire Supreme Court (document no. 4) is granted; defendant's motion to dismiss (document no. 9) is therefore moot.[5]

SO ORDERED.

gagee shall show that the proceeds of the mortgage loan were disbursed either toward payment of invoices from or claims due subcontractors and suppliers of materials or labor for the work on the mortgaged premises, or upon receipt by the mortgagee from the mortgagor or his agent of an affidavit that the work on the mortgaged premises for which such disbursement is to be made has been completed and that the subcontractors and suppliers of materials or labor have been paid for their share of such work.

5. In its September 27 order, the court incorrectly stated that FDIC's motion to substitute (document no. 7) had been granted under separate order. The court now grants that motion.