**BASCOM CONSTRUCTION, INC.**

v.

**FEDERAL DEPOSIT INSURANCE CORP. as Receiver of City Bank and Trust.**

**Civ. No. 91–177–D.**

United States District Court,
D. New Hampshire.

Dec. 17, 1991.

---

Michael A. Fuerst, Claremont, N.H., for plaintiff.

James M. Costello, Manchester, N.H., for defendant.

## ORDER

DEVINE, Chief Judge.

By virtue of defendant's motion to reconsider, the court again visits plaintiff's motion to remand this civil action to the New Hampshire Supreme Court.

On November 17, 1991, this court ordered this case remanded, after finding that it involved only the interpretation of state law. 777 F.Supp. 123. 12 U.S.C. § 1819(b)(2)(D)(iii).[1]

■ In the instant motion, defendant correctly points out, as the court's prior order indicated, that all three subsections of section 1819(b)(2)(D) must be satisfied before the court can remand a case involving the FDIC. *See Capizzi v. FDIC*, 937 F.2d 8 (1st Cir.1991).

■ In all prior proceedings, however, defendant concentrated its efforts solely on subsection (iii). By attempting to demonstrate the existence of a disputable federal defense, defendant argued that the case would fall outside the exception to jurisdiction created by section 1819(b)(2)(D).

Now, however, for the first time, defendant has informed the court that the original defendant herein, City Bank and Trust, was not a state-insured depository institution, and therefore this action fails to satisfy subsections (i) and (ii) of section 1819(b)(2)(D).

Based on the foregoing, it now appears the court's decision to remand, while correct based on the information then before it, was legally erroneous. Therefore, upon reconsideration, plaintiff's motion to remand (document no. 4) is denied.[2]

SO ORDERED.

---

1. 12 U.S.C. § 1819(b)(2)(D) provides:
   Except as provided in subparagraph (E), any action—
   (i) to which the Corporation, in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;
   (ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and
   (iii) in which only the interpretation of the law of such State is necessary,
   shall not be deemed to arise under the laws of the United States.

2. The court notes that when it originally granted the motion to remand, defendant's motion to dismiss became moot. However, the argument raised in the motion to dismiss—the presence of a federal law defense—was in fact rejected by the court. The ruling herein does not change the fact that no disputable issue of federal law exists in this case. The motion to dismiss (document no. 9), based as it is on the premise of a federal defense, is therefore denied.