## BASCOM CONSTRUCTION, INC.

v.

## FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver of City Bank and Trust.

Civ. No. 91–177–D.

United States District Court, D. New Hampshire.

March 10, 1992.

Michael A. Fuerst, Claremont, N.H., for plaintiff.

James M. Costello, Manchester, N.H., for defendant.

## ORDER

DEVINE, Chief Judge.

This action involving the Federal Deposit Insurance Corporation (FDIC) is but one example of the difficulties courts have had in grappling with the complex, and occasionally inconsistent, provisions of the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA). *See, e.g., Marquis v. FDIC,* 779 F.Supp. 6, 8 (D.N.H. 1991) (and cases therein cited).

FIRREA provides that all civil actions involving FDIC "shall be deemed to arise under the laws of the United States," 12 U.S.C. § 1819(b)(2)(A), and, subject to narrow exceptions, that such actions may be removed from state to federal court. 12 U.S.C. § 1819(b)(2)(B).

The exception to this broad removal power is found at 12 U.S.C. § 1819(b)(2)(D), which provides:

Except as provided in subparagraph (E), any action—

(i) to which the Corporation, in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;

(ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and

(iii) in which only the interpretation of the law of such State is necessary,

shall not be deemed to arise under the laws of the United States.

Pursuant to the above-described rights, FDIC removed this case from the New Hampshire Supreme Court, where argument had been heard but no decision rendered. Plaintiff moved for remand, which this court granted, after finding that only New Hampshire law was necessary to decide the underlying dispute. 12 U.S.C. § 1819(b)(2)(D)(iii); *Bascom v. FDIC*, 777 F.Supp. 123 (D.N.H.1991).

Upon reconsideration, the court reversed its remand order. *Bascom v. FDIC*, 779 F.Supp. 206 (D.N.H.1991). In so doing, the court accepted FDIC's argument that because the original defendant herein was not a state-insured depository institution, plaintiff failed to satisfy subsections (i) and (ii) of section 1819(b)(2)(D), thus making remand improper.

FDIC, however, has now candidly pointed out to the court that yet another FIRREA provision negates the argument relating to the depository institution's insurance. 12 U.S.C. § 1813(c)(2) provides:

As used in this chapter—

. . . .

**(c) Definitions relating to depository institutions.**

. . . .

**(2) Insured Depository Institutions.** The term 'insured depository institution' means any bank or savings association the deposits of which are insured by the [FDIC] pursuant to this chapter.

It thus appears that the word "state" in subsections (i) and (ii) modifies the type of "insured depository institution" as defined by section 1813(c)(2). Therefore, the phrase "state insured depository institution" in subsections (i) and (ii) encompasses state-chartered depository institutions insured by FDIC, as was the original defendant herein.

Against this backdrop, it now appears that plaintiff has satisfied all three subsections of section 1819(b)(2)(D). Accordingly,

defendant's motion to vacate and remand is granted.

SO ORDERED.