**DONALD D. SNYDER & SON, INC.**

v.

**FEDERAL DEPOSIT INSURANCE COR-PORATION, as Liquidating Agent/Receiver of Amoskeag Bank.**

Civ. No. 91–603–D.

United States District Court,
D. New Hampshire.

May 29, 1992.

David J. Braiterman, Manchester, N.H., James P. Bassett, Concord, N.H., for plaintiff.

Mark G. May, Steven A. Solomon, for defendant.

### ORDER

DEVINE, Chief Judge.

The court now considers plaintiff's objection to the February 20, 1992, Report and Recommendation (R & R) of the magistrate judge which concluded that plaintiff's motion for remand should be denied.

### Background

Plaintiff originally brought this suit in state court to perfect a labor and materials lien for unpaid goods and services rendered to Eagle Square Realty Trust ("Eagle"). The suit had its roots in December 1987,

when plaintiff contracted with Eagle to convert a portion of Eagle property in Concord, New Hampshire, from retail to commercial space. Eagle acquired a mortgage loan commitment from Amoskeag Bank in order to finance construction. At the time of the loan closing, Eagle owed plaintiff over $600,000. During the last five weeks of 1988, Eagle paid plaintiff $325,000 toward the amount due, and plaintiff continued to work on the project. In February 1989, no additional payments having been made, plaintiff sued Eagle and perfected its mechanic's lien on the Concord property by recording a mechanic's lien attachment of $625,000.

In February 1990, Eagle confessed judgment to plaintiff for $563,944.03. In March, Eagle filed a voluntary Chapter 11 bankruptcy petition in the United States Bankruptcy Court, which subsequently granted plaintiff relief from the automatic bankruptcy stay in order to permit entry of judgment against Eagle, and adjudication in court of the issue of priority of plaintiff's mechanic's lien vis-à-vis Amoskeag's mortgage.

In August 1990, part of the Eagle property was sold for $700,000. Plaintiff and Amoskeag stipulated that $625,000 of the sale proceeds would be placed in escrow pending resolution of the priority dispute.

On October 10, 1991, the Federal Deposit Insurance Corporation (FDIC) was appointed receiver for Amoskeag Bank. 12 U.S.C. § 1821(c)(2). On November 8, 1991, FDIC removed the case to this court. 12 U.S.C. § 1819(b)(2)(B).

Plaintiff filed a motion to remand, to which FDIC objected, and of which, as noted above, Magistrate Judge Arenas, Sitting by Designation, recommended denial. For the reasons that follow, this court, after *de novo* review, 28 U.S.C. § 636(b)(1)(B), respectfully declines to adopt the R & R, and orders this case remanded.

## Discussion

■ Under 12 U.S.C. § 1819(b)(2)(A), all civil suits to which FDIC is a party, with narrow exception, are deemed to arise under the laws of the United States. As

such, pursuant to 12 U.S.C. § 1819(b)(2)(B), FDIC may remove to federal court any such case filed in state court—again, subject to narrow exception.

The exception to the "arising under" language of section 1819(b)(2)(A) and the removal power of section 1819(b)(2)(B) is contained in 12 U.S.C. § 1819(b)(2)(D), which provides:

**(D) State actions**

Except as provided in subparagraph (E), any action—

(i) to which the Corporation, in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;

(ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and

(iii) in which only the interpretation of the law of such State is necessary,

shall not be deemed to arise under the laws of the United States.

Successful remand requires compliance with all three subsections of section 1819(b)(2)(D). *Capizzi v. FDIC*, 937 F.2d 8 (1st Cir.1991).

There is no dispute that this case satisfies the first exception. The court will address exceptions (ii) and (iii) in reverse order.

■ It is now settled that considerations of the "state law" issue of subsection (iii) requires departure from the "well-pleaded complaint" rule that traditionally applies to federal question jurisdiction disputes. Instead, the court must look beyond the complaint, and if a disputable federal issue is raised, even in the form of a defense by FDIC, subsection (iii) is not satisfied, and remand is improper. *Capizzi v. FDIC*, 937 F.2d 8 (1st Cir.1991); *Empire State Bank v. Citizens State Bank*, 932 F.2d 1250 (8th Cir.1991), *reh'g denied, id.* at 1254, *reh'g en banc denied, id.; Lazuka v. FDIC*, 931 F.2d 1530 (11th Cir.1991).

In opposing remand, FDIC, not surprisingly, sings the twin refrains of *D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), and its statutory counterpart, 12 U.S.C. § 1823(e). Before analyzing these claimed defenses, the court will briefly describe them.

Under *D'Oench,* defendants are prohibited from using "secret agreements" to defend against FDIC in its effort to collect on notes it has acquired from a failed bank. The purpose of said so-called *D'Oench* doctrine is to protect FDIC from "misrepresentations and secret agreements which might result in incorrectly assessing the value of bank holdings...." *FDIC v. PLM Int'l, Inc.,* 834 F.2d 248, 252 (1st Cir.1987). No intent to defraud is necessary to invalidate an alleged agreement, only the failure of the borrower to reduce said agreement to writing. *Timberland Design, Inc. v. First Service Bank for Savings,* 932 F.2d 46, 49 (1st Cir.1991).

Under 12 U.S.C. § 1823(e):

No agreement which tends to diminish or defeat the interest of the Corporation in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the Corporation unless such agreement—

(1) is in writing,

(2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,

(3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and

(4) has been, continuously, from the time of its execution, an official record of the depository institution.

■ In the instant case, plaintiff argues that, as a mechanic's lien holder, under New Hampshire law it has a priority claim to the escrow account that defeats FDIC's right as first mortgagee on the Eagle Square property.

FDIC, in support of removal, asserts that "[i]n order to resolve the plaintiff's claim, this Court unavoidably must address the issue of whether the FDIC's special defenses under *D'Oench* and § 1823(e) insulate FDIC from a lienholder's claim for priority payment under State law." Objection to Motion to Remand at 4–5 (footnote omitted).

For two different reasons, the court must reject this argument. Initially, such an argument, if accepted, would eviscerate the rule, for in every case which involves only state law, FDIC could simply state, as it ostensibly does here, "The court must look at the federal defenses to determine if they apply." *See, e.g., Reding v. FDIC,* 942 F.2d 1254, 1258 (8th Cir.1991) (FDIC cannot defeat subpart (iii) by merely *asserting* a defense based on federal law).

More importantly, however, this court has previously held that a mechanic's lien claim does not involve an "agreement", the existence of which is necessary to implicate either *D'Oench* or section 1823(e). *See Bascom Constr., Inc. v. FDIC,* 777 F.Supp. 123, 126 (D.N.H.1991).[1] As the Fifth Circuit has stated: "[N]either section 1823(e) nor the *D'Oench, Duhme* doctrine prevents plaintiffs from asserting claims or defenses that *do not depend on agreements.*" *Garrett v. Commonwealth Mortgage Corp. of America,* 938 F.2d 591, 595 (5th Cir.1991) (emphasis supplied).

Accordingly, the court finds that subsection (iii) is satisfied.

■ With respect to subsection (ii), the magistrate judge stated "that because other than only the preclosing rights of the failed [bank] are implicated in the action, plaintiff's compliance with 12 U.S.C. § 1819(b)(2)(D)(ii) is questionable." R & R at 4.

In the above brief statement, the magistrate judge apparently accepted FDIC's ar-

---

**1.** This court eventually reversed itself twice in *Bascom, see Bascom v. FDIC,* 779 F.Supp. 206 (D.N.H.1991), *and Bascom v. FDIC,* 785 F.Supp. 277 (D.N.H.1992), ultimately remanding the case. However the latter two orders addressed other issues, and the mechanic's lien/agreement analysis remained intact as a *ratio decidendi.*

gument that subsection (ii) is not satisfied whenever FDIC is a codefendant because such an action "also involves the rights of others and, *a fortiori,* is not one involving '*only* the preclosing rights against' the failed bank." FDIC's Objection to Motion to Remand at 5 (emphasis in original).

Even accepting FDIC's *a fortiori* analysis—that the mere presence of codefendants renders subsection (ii) unmet—it appears that, as this case now stands, and, more importantly, as of the time it was removed,[2] only FDIC remained as a defendant. *See* State Court Docket Entry No. 14 (plaintiff dismisses as to defendant New Hampshire Savings Bank, May 1, 1989); Nos. 32–33 (Eagle Square Realty Trust deleted from case caption, August 9, 1990); *see also* Notice of Withdrawal (this court's docket no. 12) (confirming all Eagle Square-related defendants' deletion). As this case now stands, the only issue is the parties' relative priority. In this regard, plaintiff's rights as a mechanic's lien holder arose over two years prior to the former bank's closure. As such, the court finds that only "preclosing rights", within the meaning of subsection (ii), are included. *See Empire State Bank, supra,* 932 F.2d at 1252 (plaintiff's rights flowing from agreement executed prior to bank's closing constitute "preclosing rights").

### *Conclusion*

For the reasons stated herein, the court finds that plaintiff has satisfied all requirements of 12 U.S.C. § 1819(b)(2)(D). Therefore, the court declines to adopt the magistrate judge's Report and Recommendation; plaintiff's motion for remand to Merrimack County Superior Court (document no. 5) is granted.

Because of the unsettled nature of FDIC litigation, plaintiff's request for costs and fees (document no. 13) is denied.

SO ORDERED.

---

2. In evaluating "removability", the court examines the case at the time the petition for remand was filed. *Ching v. Mitre Corp.,* 921 F.2d 11, 13 (1st Cir.1990).