United States Court of Appeals,

Fifth Circuit.

No. 91–6295

Summary Calendar.

Iago Xes Rodriguez DIAZ, et al., Plaintiffs–Appellees,

v.

McALLEN STATE BANK, et al., Defendants,

Federal Deposit Insurance Corporation, As Receiver of McAllen State Bank, Defendant–Appellant.

Oct. 23, 1992.

Appeal from the United States District Court for the Southern District of Texas.

Before HIGGINBOTHAM, SMITH, and DeMOSS, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

The FDIC appeals from the order of the district court remanding the case to Texas state court. The FDIC argues t hat remand was improper because there was no defect in removal procedure, objection to removal occurred after the 30–day time period expired, and the district court did not lack subject matter jurisdiction. We vacate and remand.

I.

In 1984, Iago Xes Rodriguez Diaz and Maria Del Carmen Prieto De Rodriguez sued McAllen State Bank and Valley Mortgage Company, Inc. in Texas state court. The suit raises claims grounded primarily in state real property and state unfair trade practice law. The complaint alleges that Diaz purchased real estate in Hidalgo County, that Valley financed the purchase, and that MSB agreed to make the payments to Valley out of funds Diaz had deposited with MSB. Diaz asserts that MSB broke various promises to make the mortgage payments to Valley and that Valley broke promises to alert Diaz before instituting foreclosure proceedings.

In April 1988, while suit was pending, MSB became insolvent, and the FDIC was appointed

its receiver. The FDIC intervened on October 4, 1990 and on the same day removed the case to federal court pursuant to 12 U.S.C. § 1819(b)(2)(B). Five months later, on March 1, 1991, Diaz moved to remand the case to state court. Diaz argued that the FDIC waited too long to remove the case and that the district court lacked jurisdiction based on an exception to the statute entitling the FDIC to removal.

On April 3, 1990, the district court orally announced its decision to grant the motion to remand on the grounds that the FDIC had waited too long after its appointment as receiver to remove the case. The FDIC sought a rehearing, which the district court denied. In the order denying the FDIC's motion for rehearing, the district court indicated that in addition to granting the plaintiffs' motion to remand, it was also remanding *sua sponte*. The FDIC then filed this appeal.

## II.

Diaz makes two arguments concerning this court's jurisdiction that we must address at the outset. First, Diaz argues that this appeal should be dismissed, because the FDIC filed its notice of appeal more than 30 days after entry of the order appealed from. While Diaz correctly applies the general rule for filing a notice of appeal, F.R.A.P. 4(a)(1) provides an exception: "if the United States or an officer *or agency thereof* is a party, the notice of appeal may be filed by any party within *60 days* after such entry." (emphasis added). The FDIC qualifies as an agency of the United States by virtue of 12 U.S.C. § 1819(b)(1),[1] and, contrary to Diaz's position, that provision makes it clear that agency status does not turn on whether the FDIC is the plaintiff, defendant, or intervenor. The provision refers to the FDIC "in any capacity." The district judge entered his order denying the FDIC's motion for rehearing of the court's order of remand on October 7, 1991, and the FDIC filed

---

[1]Section 1819(b)(1) provides:

> The [FDIC], in any capacity, shall be an agency of the United States for purposes of section 1345 of Title 28, without regard to whether the Corporation commenced the action.

*See also FDIC v. Castle,* 781 F.2d 1101, 1103 n. 1 (5th Cir.1986).

its notice of appeal on November 21, 1991. This appeal is timely.

Diaz next argues that this court lacks jurisdiction to hear the FDIC's appeal, because 28 U.S.C. § 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." Again, the FDIC falls under an exception to the general rule. 12 U.S.C. § 1819(b)(2)(C) states that "[t]he [FDIC] may appeal any order of remand entered by any United States district court." *See also FDIC v. Loyd,* 955 F.2d 316, 319 (5th Cir.1992).

## III.

The district court's decision to remand turned on questions of law, and our review is *de novo.* *Id.* (citing *Pullman–Standard v. Swint,* 456 U.S. 273, 287, 102 S.Ct. 1781, 1789, 72 L.Ed.2d 66 (1982)). The FDIC argues that the district court's decision to remand was incorrect because (1) there was no defect in removal procedure, (2) assuming a procedural defect, the district court could not remand more than thirty days after removal, and (3) the district court did not lack subject matter jurisdiction. We agree with the FDIC on all three points.

## A.

There was no defect in removal procedure. Section 1819(b)(2)(B) now provides that the FDIC may "remove any action, suit, or proceeding from a State court to the appropriate United States district court *before the end of the 90–day period beginning on the date the action, suit, or proceeding is filed against the [FDIC] or the [FDIC] is substituted as a party.*" (emphasis added). This provision also makes it clear that the time period begins to run from the date the FDIC "is substituted as a party" (i.e. intervenes).[2] In this case, the FDIC removed the case on the same day

_____

[2]The Federal Deposit Insurance Corporation Improvement Act of 1991, Pub.L. No. 102–242, Tit. I, § 161(d), 105 Stat. 2236, 2286, amended 12 U.S.C. § 1819(b)(2)(B) by granting the FDIC 90 days to remove and clarifying that the time period starts from the date the FDIC is substituted as a party. Diaz contends that the amended provision should not apply to this case. However, in *NCNB Texas National Bank v. P & R Investments,* 962 F.2d 518 (5th Cir.1992), we held that this

it intervened, therefore the removal was within the 90–day period.[3]

B.

Even if the FDIC's removal had been untimely, the district court still would have been precluded from remanding the case. 28 U.S.C. § 1447(c) provides that "[a] motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal." Diaz waited almost five months before moving to remand. Moreover, in *Loyd,* we held that section 1447(c) also precluded a judge from remanding *sua sponte* for procedural defects outside the 30–day period. 955 F.2d at 322. Therefore, the fact that the district judge later decided to remand on his own motion does not change our conclusion.

C.

Although the district court based its remand order on a defect in removal procedure, and not on a lack of subject matter jurisdiction, Diaz asserts that the district court did not have jurisdiction as an alternative ground for remand. Congress provided a broad grant of federal jurisdiction where the FDIC is involved, with one exception.[4] The "state law exception" applies to any action:

---

amendment does apply retroactively to pending cases. Moreover, this case would come out the same regardless of whether we applied the amendment, because the law of this circuit prior to the amendment was that the removal clock ran from intervention and not appointment. *See FDIC v. Loyd,* 955 F.2d 316 (5th Cir.1992) (decided under 28 U.S.C. § 1446(b) and pre-amended § 1819(b)(2)(B)).

[3]Diaz argues that the FDIC, after being appointed as receiver, should not be allowed to sit back and wait indefinitely before it intervenes and removes a case. Indeed, the FDIC waited two and one-half years between appointment and intervention/removal in this case. However, Congress has clearly provided this right to the FDIC. While this may seem an unfair advantage, those in the position of Diaz are not completely at the mercy of the FDIC. "The opposing party can force the FDIC's hand at any point in the proceeding by exercising its option of bringing the FDIC into the case." *Loyd,* 955 F.2d at 328.

[4]Section 1819(b)(2)(A) provides:

> Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States.

(i) to which the Corporation, in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;

(ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and

(iii) in which only the interpretation of the law of such State is necessary.

12 U.S.C. § 1819(b)(2)(D). Diaz argues that all three prongs are met, leaving the district court without jurisdiction.

The FDIC concedes that the first prong is satisfied but not the second and third. We agree that this case does not satisfy the third prong, and therefore that the state law exception does not apply. We do not decide the applicability of the second prong.[5]

The application of the third prong of the state law exception to this case requires some discussion. We must decide whether this action is one "in which only the interpretation of the law of such State is necessary." While the interpretation of this phrase is an issue of first impression in this circuit, we find considerable guidance from three of our sister circuits. *See Reding v. FDIC,* 942 F.2 1254 (8th Cir.1991); *Capizzi v. FDIC,* 937 F.2d 8 (1st Cir.1991); *Empire State Bank v. Citizens State Bank,* 932 F.2d 1250 (8th Cir.1991); *Lazuka v. FDIC,* 931 F.2d 1530, 1533 (11th Cir.1991).

The FDIC argues that the "availability" of federal defenses under the *D'Oench, Duhme* doctrine and 12 U.S.C. § 1823(e) prevents this case from being one in which only the interpretation of state law is necessary. Diaz argues that this court should interpret § 1819(b)(2)(D)(iii) like 28 U.S.C. § 1331, which governs "arising under" jurisdiction; that is, apply the well-pleaded complaint

---

[5]The FDIC argues that this case fails the second prong as a result of Valley's presence in the suit. In other words, Diaz's claims against Valley do not involve preclosing rights against the insured depository or obligations owing to depositors, creditors, or shareholders. If we accepted this view, then § 1819(b)(2)(D)(ii) would not be satisfied whenever the FDIC is a codefendant. *See Donald D. Snyder & Son, Inc. v. FDIC,* 791 F.Supp. 335, 338 (D.N.H.1992). However, we are not required to decide whether Congress intended such a result, because we find that this case does not meet the third prong of the exception.

rule.[6] We decline to apply the well-pleaded complaint rule and instead adopt the rule that all circuits who have considered the issue have embraced: the federal issues must be colorable, not frivolous.

We are persuaded to adopt this rule by the reasons enumerated in *Capizzi.* 937 F.2d at 10–11. First, the language of § 1819(b)(2)(D)(iii) is broader than the language of § 1331. The operative phrase in § 1331 is "arising under." Where a plaintiff asserts a state law claim, that case can be said to arise under state law regardless of whether the defendant raises a federal defense. On the other hand, the state law exception applies where "*only* the interpretation of the law of such State is necessary." Under this provision, if the defendant raises a federal defense, then a court may be required to interpret more than state law.

Second, statutory history supports rejection of the well-pleaded complaint rule. Before 1989, the state law exception read differently:

> any such suit to which the [FDIC] ... is a party in its capacity as a receiver of a State bank and which involves only the rights or obligations of depositors, creditors, stockholders, and such State bank *under* State law shall not be deemed to *arise under* the laws of the United States.

12 U.S.C. § 1819 (1988) (emphasis added) (current version at 12 U.S.D. § 1819(b)(2)(D) (1989)). Courts that interpreted similar statutes relied on the word "under" to hold that the well-pleaded complaint rule applied. *See FSLIC v. Capozzi,* 855 F.2d 1319, 1324 (8th Cir.1988) (interpreting 12 U.S.C. § 1730(k)(1), the jurisdictional provision for the FSLIC); *FSLIC v. Ticktin,* 832 F.2d 1438, 1445 (7th Cir.1987) (same), *rev'd on other grounds,* 490 U.S. 82, 109 S.Ct. 1626, 104 L.Ed.2d 73 (1989). When Congress enacted the present statute, it deleted the word "under," suggesting a rejection of the well-pleaded complaint rule.

---

[6]The well-pleaded complaint rule as applied to removal cases requires that, for a case to be removable, the complaint must initially show the existence of a federal question; federal law must create the claim. *Merrell Dow Pharmaceuticals v. Thompson,* 478 U.S. 804, 808–09, 106 S.Ct. 3229, 3232–33, 92 L.Ed.2d 650 (1986). The federal question must be "presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) (citation omitted).

Third, the court in *Capizzi* noted that although the legislative history was not helpful, Congress's general objectives in enacting recent banking legislation supported its interpretation. It is widely recognized that through the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, FIRREA, Congress sought to expand the FDIC's regulatory powers. *See Matter of Meyerland Co.,* 960 F.2d 512, 514–15 (5th Cir.1992); Gail & Norton, *A Decades Journey From "Deregulation" to "Supervisory Reregulation": The Financial Institutions Reform, Recovery, and Enforcement Act of 1989,* 45 Bus.Law. 1103, 1105 (1990). One way Congress expanded the FDIC's powers was to expand federal jurisdiction. *See Meyerland,* 960 F.2d at 519; *FDIC v. State Bank of Virden,* 893 F.2d 139, 142 (7th Cir.1990).

Although we reject the well-pleaded complaint rule, we also follow the other circuits in holding that asserting a federal defense will not alone prevent remand to state court. Rather the FDIC must assert a defense that raises colorable issues of federal law. *Reding,* 942 F.2d at 1258; *Empire,* 932 F.2d at 1252; *Lazuka,* 931 F.2d at 1533.

Our final task is to determine whether, in this case, the FDIC has raised colorable issues of federal law. In doing so, we do not express an opinion on the merits of the case but simply decide whether the "claimed federal defense presents a colorable issue for decision and is not meritless." *Reding,* 942 F.2d at 1258. We find that the FDIC meets this test. Diaz's claims in this litigation are based primarily on oral representations, agreements, or courses of dealing, and the FDIC argues that the enforceability of unwritten promises against the FDIC is governed by the *D'Oench, Duhme* doctrine and § 1823(e), both of which generally provide that agreements cannot be enforced against the FDIC unless they are in writing. The assertion of these defenses raises colorable issues of federal law. *See Langley v. FDIC,* 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987) (Section 1823(e) protects FDIC from unrecorded agreements); *Bowen v. FDIC,* 915 F.2d 1013, 1015–16 (5th Cir.1990) (*D'Oench, Duhme* bars the use of unrecorded agreements as the basis for claims against the FDIC). The FDIC may also have a colorable defense to the request for punitive damages in Diaz's

complaint. *See e.g., Summers v. FDIC,* 592 F.Supp. 1240, 1243 (W.D.Okla.1984) (punitive damages not recoverable against FDIC acting as a receiver); *Professional Asset Management, Inc. v. Penn Square Bank, N.A.,* 566 F.Supp. 134, 136–37 (W.D.Okla.1983) (same).

The order of the district court remanding this case to the state court is VACATED; and this cause is REMANDED to the district court for further proceedings.