Douglas H. PYLE

v.

MERITOR SAVINGS BANK, Louis Cullen and David Wilson.
(Two Cases)

Civ. A. Nos. 92–7361, 92–7362.

United States District Court, E.D. Pennsylvania.

April 27, 1993.

---

Gary Green, Lisa G. Miller, Sidkoff, Pincus & Green, P.C., Philadelphia, PA, for Douglas H. Pyle.

Vernon R. Byrd, Jr., Cohen, Shapiro, Polisher, Shiekman and Cohen, Philadelphia, PA, for Meritor Sav. Bank, et al.

Lewis R. Olshin, Duane, Morris & Heckscher, Philadelphia, PA, for SIGMA Management, Inc.

## MEMORANDUM AND ORDER

HUTTON, District Judge.

Presently before the Court is the plaintiff Douglas H. Pyle's Motion for Remand, the Federal Deposit Insurance Corporation's ("FDIC") Opposition, and the plaintiff's response.[1]

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Douglas H. Pyle, was a former executive and officer of the Meritor Investment Company ("TMIC"), a division of Meritor Savings Bank ("Meritor"). TMIC managed Meritor's mutual funds pursuant to a written employment contract. Pursuant to the same agreement, the plaintiff became the president of TMIC. The contract provided for a term of employment of four and one-half years. Meritor allegedly terminated the plaintiff prematurely and without justification.

Plaintiff filed a complaint in October of 1987 in the Court of Common Pleas of Philadelphia County. The plaintiff seeks compensatory and punitive damages for breach of contract, defamation, disparagement of product, wrongful discharge and civil conspiracy against Meritor, Louis Cullen and David Wilson. The plaintiff also filed a companion case in December of 1988 seeking equitable relief against Meritor and Sigma Management, Inc. with regard to profits and earn-

---

1. The Plaintiff has also filed a Second Motion for Remand to which the FDIC has filed a response. The arguments of both motions are identical. Accordingly, the Court will treat the latter motion as supplemental briefing.

ings from the mutual funds which were the subject of the parties' employment contract.

On December 11, 1992, after approximately five years of litigation at the state level in this matter, the Secretary of Banking for the Commonwealth of Pennsylvania declared Meritor unsafe and unsound. The Federal Deposit Insurance Corporation ("FDIC") was appointed the Receiver for Meritor. On December 22, 1992, the FDIC removed the plaintiff's claims to the district court pursuant to 12 U.S.C. § 1819(b)(2)(B). Defendants Louis Cullen and David Wilson joined in the removal on January 22, 1993. Similarly, defendant Sigma Management, Inc. joined in the removal on February 1, 1993. FDIC was not substituted as a party for Meritor in the state action.

After removal, numerous motions were filed with this Court. Initially, on December 29, 1992, the FDIC filed its Omnibus Motion to Amend the Pleadings, Dismiss the Action or in the Alternative for a Stay. In the motion, FDIC requested, *inter alia*, to be substituted for Meritor Savings Bank. On January 13, 1993, in response to the motion, the plaintiff filed a Motion to Extend Time. The plaintiff requested the Court to extend plaintiff's time to respond so that he could file a motion to remand. The plaintiff then filed his Motion to Remand on January 19, 1993. On January 21, 1993, the FDIC filed a motion to have its Omnibus Motion treated as uncontested. Plaintiff filed a Second Motion to Remand on February 17, 1993.

Since the plaintiff's motions to remand raise issues of jurisdiction, the Court will address these motions first. The plaintiff argues that removal was inappropriate. The plaintiff raises three arguments to support his contention. First, he argues that the Court lacks jurisdiction because the action is exempt from removal under 12 U.S.C. § 1819(b)(2)(D). Next, he contends that removal was improper because all defendants failed to timely join in the removal. Finally, the plaintiff avers that the FDIC's actions at

the state court level constitute a waiver of the right to remove.

## DISCUSSION

### A. Removal under 12 U.S.C. § 1819

The FDIC asserts 12 U.S.C. § 1819(b)(2)(B) as the basis for removal of the plaintiff's claims. Section 1819(b) in pertinent part provides:

(2) Federal court jurisdiction

(A) In general

Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States.

(B) Removal

Except as provided in subparagraph (D), the [FDIC] may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90–day period beginning on the date the action, suit, or proceeding is filed against the [FDIC] or the [FDIC] is substituted as a party.[2]

12 U.S.C. § 1819. Subparagraph (D), entitled "State actions" provides:

Except as provided in subparagraph (E) [not applicable in this matter], any action—

(i) to which the Corporation, in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;

(ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and

(iii) in which only the interpretation of the law of such State is necessary,

---

**2.** The Court notes that in this matter, the FDIC has not been substituted for Meritor. Thus, pursuant to 18 U.S.C. § 1819(b)(2)(B), FDIC's remand in this case was procedurally defective. *See Estate v. Bell,* 817 F.Supp. 1186, 1190 (D.N.J.

1993). Nevertheless, the Court is time barred from remanding a case for a procedural defect after thirty days from the date of removal. *Id.* at 1192; *see also Federal Deposit Ins. Corp. v. Loyd,* 955 F.2d 316 (5th Cir.1992).

shall not be deemed to arise under the laws of the United States.

12 U.S.C. § 1819(b)(2)(D).

The plaintiff contends that the Court lacks subject matter jurisdiction in this matter. While there is a general presumption of federal jurisdiction under § 1819(b)(2) in cases involving the FDIC, pursuant to subsection (D) if the plaintiff can establish that all three conditions exist, then the case must be remanded. *Lazuka v. Federal Deposit Ins. Corp*, 931 F.2d 1530, 1535 (11th Cir.1991); *Reding v. Federal Deposit Ins. Corp.*, 942 F.2d 1254, 1258 (8th Cir.1991).

### 1. *12 U.S.C. § 1819(b)(2)(D)(i), (ii)*

■ FDIC asserts that subsection (i) and (ii) do not apply in this case because Meritor, the failed bank, is not a "State insured depository institution." FDIC contends that the term "state" modifies the term "insured." Meritor is insured by the FDIC and not insured at the state level. Thus, since Meritor is not state insured, the exception does not apply.

The plaintiff contends that Meritor, is a "state insured depository institution." Plaintiff asserts that the term "state" modifies the type of "insured depository institution" as opposed to the type of insurer. Under this interpretation, Meritor, as a state depository institution, as opposed to a federal depository institution would qualify for the exception.

■ In *Bascom v. Federal Deposit Insurance Corporation*, 785 F.Supp. 277 (D.N.H. 1992), a New Hampshire district court addressed this very issue. *Id.* at 278. In *Bascom*, the FDIC asserted that the phrase "state insured depository institution" meant a depository institution which was state insured as opposed to federally insured. The court determined that the term "state" actually modifies the type of "insured depository institution." Thus, the court held that "the phrase 'state insured depository institutions' in subsections (i) and (ii) encompasses state-chartered depository institutions insured by the FDIC ..." *Id.*

The court based this holding on the statutory definition of the phrase "Insured Depository Institution." The court recognized that the phrase was a term of art which was defined as a depository institution which is insured by the FDIC. Section 1813(c)(2) in relevant part provides:

As used in this chapter—

. . . . .

(c) Definitions relating to depository institutions

. . . . .

(2) Insured Depository Institutions.

The term 'insured depository institution' means any bank or savings association the deposits of which are insured by the [FDIC] pursuant to this chapter.

12 U.S.C. § 1813(c)(2).

This Court is persuaded by the holding of the New Hampshire District Court in *Bascom*. Accepting FDIC's current position would require this Court to read separately words which have been defined together as a single term. FDIC would have this Court read the term "insured" as being separate from the term "insured depository institution." Congress has elected to define and utilize the phrase "insured depository institution" as one term. Therefore, this Court holds the term "state" modifies the term "insured depository institution." As the *Bascom* court recognized, the section applies to any state chartered depository institution which is insured by the FDIC.

Accordingly, the conditions of subsection (i) and (ii) apply to this case. Meritor, as a state chartered bank insured by the FDIC, is a "state insured depository institution." With respect to § 1819(b)(2)(D)(i), the FDIC was exclusively appointed by the Pennsylvania Secretary of Banking. In addition, in compliance with section 1819(b)(2)(D)(ii), the plaintiff's claims involve "only preclosing rights." The plaintiff filed this lawsuit well in advance of the FDIC's appointment as Receiver for Meritor. Thus, the plaintiff has established the first two conditions of the removal exception.

### 2. *12 U.S.C. § 1819(b)(2)(D)(iii)*

The last condition which the plaintiff must establish is in subsection (iii). The subsection requires that the case must only involve

an interpretation of the law of the state. It is clear from the face of the complaint in this case that no federal law issues are involved. However, the court must consider federal defenses which may be raised by the FDIC in the determination under subsection (iii). *Lazuka*, 931 F.2d at 1535; *Reding*, 942 F.2d at 1258; *Diaz v. McAllen State Bank*, 975 F.2d 1145, 1149 (5th Cir.1992). "The FDIC may raise a federal defense to rebut a plaintiff's showing that only interpretation of state law is necessary to the disposition of the case." *Lazuka*, 931 F.2d at 1535.

However, the FDIC cannot simply defeat the exception in § 1819(b)(2)(D)(iii) by merely asserting a defense based on federal law. *Reding*, 942 F.2d at 1258. "[S]uch a rule would completely eviscerate the exception." *Id.*

> For the state law exception to apply, the district court must find that the FDIC's defense does not genuinely raise a disputable issue under federal law. The district court should not make a determination upon the merits of the defense. *See Capizzi [v. FDIC*, 937 F.2d 8, 11 (1st Cir. 1991) ]. To uphold the presumption of federal jurisdiction, the district court need find only that the FDIC's claimed federal defense presents a colorable issue for decision and is not meritless. *See Perini [Corp. v. FDIC*, 754 F.Supp. 235, 238 (D.Mass.1991) ].

*Reding*, 942 F.2d at 1258; *See also Diaz*, 975 F.2d at 1149 (FDIC must assert a defense that raises colorable issues of federal law). Therefore, under section (iii), this Court must determine if FDIC has raised colorable issues of federal law. However, if the issues are meritless, the Court must remand the case because removal was inappropriate.

The FDIC contends that it has two defenses pursuant to federal law. The defendant has asserted the doctrine of *D'Oench, Duhme* and 12 U.S.C. § 1823(e) as defenses to the plaintiff's claims. The FDIC also argues that federal law establishes a defense to punitive damages.

■ The *D'Oench, Duhme* doctrine protects the Receiver and creditors from "secret" agreements and promises which have not been recorded in a writing. *D'Oench,*

*Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942). The Doctrine has been substantially codified by Congress in section 1823(e). The section provides:

> (e) Agreements against interests of Corporation
>
> No agreement which tends to diminish or defeat the interest of the Corporation in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the Corporation unless such agreement—
>
> (1) is in writing,
>
> (2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,
>
> (3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and
>
> (4) has been, continuously, from the time of its execution, an official record of the depository institution.

12 U.S.C. § 1823(e).

The FDIC alleges that the plaintiff's claim for breach of contract is based upon rights outside of the plaintiff's written employment contract. FDIC argues that plaintiff's employment relationship involved "oral agreements and understandings." FDIC draws this conclusion from the discovery admissions of the plaintiff. The plaintiff provided the following information during discovery:

REQUEST FOR ADMISSION:

Mr. Pyle's employment relationship with Meritor arose out of an employment agreement between himself and Meritor.

ANSWER:

Denied as stated. See answer to No. 1 [discussing employment pursuant to written agreement]. In addition, as Pyle testified at his deposition, the written employment agreement was supplemented by oral agreements and understandings.

The Court finds that the FDIC has raised colorable issues of federal law. Based upon the plaintiff's admissions regarding the partial oral nature of the employment relationship between Meritor and the FDIC, the FDIC may have a colorable defense to the plaintiff's claim under § 1823(e). Further, the FDIC may have a colorable defense to the plaintiff's request for punitive damages. *Diaz*, 975 F.2d at 1150 (*citing Summers v. FDIC*, 592 F.Supp. 1240, 1243 (W.D.Okla.1984); *Professional Asset Management, Inc. v. Penn Square Bank, N.A.*, 566 F.Supp. 134, 136–37 (W.D.Okla.1983)); *see also Bank One, Texas N.A. v. Taylor*, 970 F.2d 16, 32–34 (5th Cir.1992) (The FDIC as an instrumentality of the United States cannot be held liable for punitive fines or assessments absent express Congressional authorization). Therefore, the plaintiff has failed to meet the final condition for remand in § 1819(b)(2)(D)(iii).

### B.  *Failure to Timely Join in Removal*

■  Next, the plaintiff contends that the failure of all defendants to timely join in removal requires the Court to remand the case. However, failure to join co-defendants, timely or otherwise, will not defeat the FDIC's right to removal under 12 U.S.C. § 1819(b)(2)(B). It is generally accepted that the specific removal provision for the FDIC does not require the consent of all defendants for removal. *Franklin Nat. Bank Sec. Litigation v. Andersen*, 532 F.2d 842, 846 (2nd Cir.1976); *Doe v. Kerwood*, 969 F.2d 165, 168 (5th Cir.1992); *Structural Systems, Inc. v. Sulfaro*, 687 F.Supp. 22, 23 (D.Mass.1988) ("The plaintiff's claim that jurisdiction is lacking because not all defendants joined in removal is also meritless.").

In *Franklin Nat. Bank Sec. Litigation v. Andersen*, the Court of Appeals in applying an older version of the removal section stated:

Since we read that section to authorize removal by the FDIC even in cases where it is (perhaps due to realignment or substitution of parties) a plaintiff in the state

court, the "all defendants" limitation [in] 28 U.S.C. § 1446(a) does not affect the right of the FDIC to remove under § 1819(4). This result is not an unusual one, for in other instances where special, rather than general, removal statutes control, the requirement that all defendants join in the petition for removal has be held inapplicable. *See, e.g., Bradford v. Harding*, [284 F.2d 307, 309–10 (2nd Cir.1960) ] (fewer than all defendants may remove under 28 U.S.C. § 1442 governing removal by defendants who are federal officials).

532 F.2d at 846. Nothing in the current removal provision of section 1819 would lead this court to conclude that the opposite approach should be taken. The present version of section 1819(b)(2)(B) in pertinent part provides that "the [FDIC] may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court ..." Congresses' choice of language permitting the FDIC to remove "any action" without reference to other parties supports this determination. Therefore, if co-defendants need not be joined for removal by the FDIC, then the timing of their joining is irrelevant for removal under § 1819(b)(2)(B).[3]

### C.  *Waiver of Right to Remove*

■  Finally, the plaintiff contends that the FDIC waived its right to remove by its involvement in the state proceeding. At least one Court has held that the FDIC by manifesting an intent to litigate in state court may be found to have waived its right to remove. *Heafitz v. Interfirst Bank of Dallas*, 711 F.Supp. 92, 96–97 (S.D.N.Y.1989). In *Heafitz*, the district court found that the FDIC voluntarily entered state court, took affirmative action to submit issues for determination and actively sought a determination on the merits by the state court before removing the action. *Id.* at 96. The court determined that these actions by which the FDIC elected to litigate in state court constituted a waiver of its right to remove the action.

---

3. Even if this Court were to require joinder of co-defendants, the co-defendant's in this matter have all timely joined. The removal provision

for actions involving the FDIC sets a ninety (90) day limitation period for removal. 12 U.S.C. § 1819(b)(2)(B).

The Court finds that FDIC's actions in this litigation do not constitute an election to litigate in state court. The FDIC was appointed the Receiver of Meritor on Friday, December 11, 1992. On Monday, December 14, 1992, counsel for FDIC attended a hearing on another party's motion for reconsideration but did not participate or present argument. The following day, December 15, 1992, the defendant sought a stay of litigation because of an approaching mandatory settlement conference. On Wednesday, December 16, 1992, the FDIC informed counsel for plaintiff of its position that the state court lacked jurisdiction of plaintiff's claims and urged the plaintiff to voluntarily discontinue his claims. Finally, on December 18, 1992 at a settlement conference, the FDIC informed the parties and the Settlement Master that the FDIC intended to remove the action to federal court. The Settlement Master instructed the FDIC to remove the case by December 31, 1992. The FDIC removed the case on December 22, 1992.

These actions clearly demonstrate that at no time did the FDIC take affirmative steps to submit issues for determination by the state court or in any manner manifest an intent to litigate in state court. Accordingly, the FDIC has not waived its right to remove this action.

### CONCLUSION

Removal based on 12 U.S.C. § 1819(b)(2)(B) in this case is appropriate. The exception to removal provided in § 1819(b)(2)(D) does not apply to this case because the defenses of the doctrine of *D'Oench, Duhme* and 12 U.S.C. § 1823(e) asserted by the FDIC have raised colorable issues of federal law. The failure of co-defendants to timely join in the removal does not defeat FDIC's right for removal; nor do the actions of the FDIC in the state proceeding constitute a waiver of the right to remove. Therefore, this Court has subject matter jurisdiction over the plaintiff's claims.

An appropriate Order follows.

### ORDER

AND NOW, this 27th day of April, 1993, upon consideration of the Plaintiff's Motion to Remand, the FDIC's response and the Plaintiff's reply, IT IS HEREBY ORDERED that the Plaintiff's Motion is **DENIED.**

IT IS FURTHER ORDERED that:

(1) the Plaintiff's Second Motion to Remand is **DENIED;**

(2) the Plaintiff's Motion to Extend Time to Respond to Defendant FDIC's Omnibus Motion is **GRANTED;**

(3) the FDIC's Motion to have its Omnibus Motion treated as Uncontested Pursuant to Local Rule 20(c) or Alternatively to Permit the FDIC to Submit Further Briefing in Support of its Omnibus Motion is **DENIED** in part and **GRANTED** in part. The Motion to have its Omnibus Motion Treated as Uncontested is **DENIED.** The Motion to Permit the FDIC to Submit Further Briefing in Support of its Omnibus Motion is **GRANTED;** and

(4) FDIC shall submit briefing in support of its Omnibus Motion within ten (10) days of the date of this Order. The Plaintiff shall file a timely response.