COSTIN ENGINEERING
CONSULTANTS, INC.,
Plaintiff,

v.

Stephen W. LATHAM a/k/a Steve
Latham, et al., Defendants.

Civ. A. No. 95–D–2127.

United States District Court,
D. Colorado.

Nov. 15, 1995.

John M. Zall, Thompson & Zall, L.L.C., Denver, CO, for Plaintiff.

John P. Jones, Kutak Rock, James J. Petrock, Petrock & Fendel, P.C., Denver, CO, for Defendants.

## MEMORANDUM OPINION and ORDER

DANIEL, District Judge.

Having reviewed the file and considered relevant case law, plaintiff's Motion to Remand, filed September 12, 1995, is hereby DENIED for the reasons discussed below.

Plaintiff originally commenced this action by filing a Complaint in the District Court of the County of Adams, State of Colorado, on May 3, 1995. The Federal Deposit Insurance Corporation (FDIC), as receiver for Silverado Banking, Savings and Loan Association, was one of the named defendants in plaintiff's original Complaint. The FDIC, however, was never served with plaintiff's original Complaint. On May 31, 1995, plaintiff filed its First Amended Complaint, and the FDIC was served with the First Amended Complaint on July 18, 1995. Thereafter, on August 17, 1995, the FDIC removed the action to this Court under 12 U.S.C. § 1819(b)(2)(B), which provides:

> Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90–day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party.

Plaintiff now contends that the action should be remanded to Colorado state court, arguing that the FDIC's removal petition was untimely. More precisely, plaintiff argues that under the statute cited above, the FDIC had 90 days to remove the action from May 3, 1995, the day plaintiff filed its original Complaint.

The plaintiff essentially contends that, even though the FDIC was never served with the original Complaint and was only served with the First Amended Complaint on July 18, 1995, the 90–day period for the FDIC to remove the case began to nonetheless run when it filed its original Complaint on May 3, 1995. Put another way, plaintiff in effect contends that it can reduce, or perhaps even eliminate, the period in which the FDIC can remove an action filed in state court by filing a complaint and not serving it until the time for removal has expired. In response, the FDIC argues that its statutory 90–day window begins to run from the time it was served, or July 18, 1995, in this instance.

Apparently, this case presents an issue of first impression—that is, no published decision has considered whether a party can diminish or eliminate the FDIC's 90–day removal right by withholding service of process. However, legislative history, case law, and most importantly, common sense, all dictate that plaintiff's argument must be rejected.

Tracing the history of 12 U.S.C. § 1819(b)(2)(B) [henceforth "the statute] is quite telling. Prior to 1991, the statute, which governs the removal of cases by the FDIC, provided as follows:

> Except as provided in subparagraph (D), the Corporation may, without bond or se-

curity, remove any action, suit, or proceeding from State court to the appropriate United States district court.

Although the statute did not provide a specific time period for removal of an action, courts interpreting it read the general 30–day removal requirement of 28 U.S.C. § 1446(b) into it, which meant that it began to run from the date the FDIC received a copy of a pleading, motion, order, or other paper from which it might ascertain that the case was removable.[1] *See, e.g., Lazuka v. FDIC,* 931 F.2d 1530, 1537 (11th Cir.1991) ("Under the general removal provision, the thirty-day limit begins to run as soon as the defendant receives some written notice that the case against it is removable."); *Mtech Corp. v. FDIC,* 729 F.Supp. 1134, 1135 (N.D.Tex.1990) (same).

However, by all indications, Congress amended the statute in 1991 in order to extend the removal period to 90 days, rather than the 30–day period that courts had read into the statute. As indicated by the House Banking Committee Report—which states that the "FDIC Removal Period [is] Made Consistent With [the] RTC Period"—the 1991 amendment is in harmony with the general congressional policy of providing the FDIC with every opportunity to litigate in a federal forum.[2] *See, e.g., Kirkbride v. Continental Casualty Co.,* 933 F.2d 729, 731 (9th Cir.1991) (stating that adoption of FIRREA was intended to expand federal jurisdiction when the FDIC is a party); *Lazuka,* 931 F.2d at 1535 (stating that in adopting the statute "Congress used very strong language to afford the FDIC every possibility of having a federal forum within the limits of Article III [of the Constitution]").

As persuasively argued by the FDIC in its brief,

> In order to avoid frustrating the clear Congressional purpose of granting the FDIC the opportunity to litigate in federal court, the 90–day time period set forth in § 1819(b)(2)(B) should be deemed to begin running only as of the date on which the FDIC is effectively joined to the proceeding through service of process. Such an interpretation would be consistent with the language of the statute providing that the 90–day period begins to run from the date the action, suit, or proceeding is filed "against" the Corporation. Until the FDIC is served with the complaint, the state court may not exercise jurisdiction over it and, accordingly, there is no action, suit, or proceeding "against" it. Such an interpretation also would be consistent with the prior practice under § 1819(b)(2)(B), the practice under the RTC's closely-analogous removal provision, as well as the practice under the general removal provisions of 28 U.S.C. § 1446(b). *See Lazuka,* 931 F.2d at 1536–37. Adopting the plaintiff's interpretation that the 90–day period for removal begins to run from the filing of the complaint, even though the FDIC is not served with the complaint, would be contrary to Congress' clear policy of providing the FDIC with a federal forum. It is inconceivable that Congress' intended to permit private parties [the opportunity] to abrogate the FDIC's right to choose a federal forum: under plaintiff's interpretation, it could file a complaint and delay service for 90 days,

---

1. Amended in 1988, 28 U.S.C. § 1446(b) provides:

   The notice of removal of a civil action or proceeding shall be filed within thirty days *after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading* setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of the summons upon the the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever is shorter.
   Emphasis added.

2. The RTC's right to remove cases from state to federal court is governed by 12 U.S.C. § 1441a(*l*)(3) which states:
   Removal and remand. (A) In general. The Corporation, in any capacity and without bond or security, may remove any action, suit, or proceeding from a State court to the United States district court.... The removal of any such suit or proceeding shall be instituted: (i) not later than 90 days after the date the Corporation is substituted as a party; or (ii) not later than 30 days after service on the Corporation, if the Corporation is named as a party in any capacity and if such suit is filed after August 9, 1989.

thereby denying the FDIC all right to remove the case to federal court.

Though deciphering Congress' intent can sometimes be difficult, in this instance the FDIC is correct: all clues indicate that in amending 12 U.S.C. § 1819(b)(2)(B) in 1991, Congress expanded the FDIC's ability to remove a case to federal court. Even assuming the fact pattern now presented occurred pre-amendment, the FDIC would have timely removed this action since it filed its removal notice within 30 days of being served.[3] Thus, considering that the FDIC's notice would have been timely pre-amendment, it seems axiomatic that the FDIC's notice under the amended statute is also timely given Congress' apparent intent to expand the statute's reach.

Also, related case law interpreting the statute indicates that the FDIC's 90-day period for removal begins to run when it is served or enters an appearance. For instance, in *Diaz v. McAllen State Bank*, 975 F.2d 1145 (5th Cir.1992), the court noted that the amended statute provides that the 90-day removal period begins to run from the date the FDIC intervened in the action against the insolvent bank rather than from the time it was appointed receiver. *Id.* at 1147–48 n. 2. Similarly, in *T & M Dental Lab, Inc. v. First Indus. Bank*, 714 F.Supp. 798 (E.D.La.1989), the court held that although the FDIC had actively participated in a state court suit by filing an ex-parte petition requesting a stay in state court, it did not become a "party" until it filed a formal substitution motion. Thus, the case did not become "removable" until the FDIC was substituted as a party, and the FDIC's ex-party petition did not start the running of the statute. *See also Estate of Harding by Williams v. Bell*, 817 F.Supp. 1186 (D.N.J. 1993) (holding that the FDIC cannot remove a case from state court to federal court until it is named or substituted as a party). Granted, the FDIC was arguably a "party" on May 3, 1995 since plaintiff's complaint listed it as a named defendant on that date; however, as the above cited cases infer, the trigger date for the running of the statute is not when the FDIC is named, but rather when it when it is "served" as would be deemed sufficient under 28 U.S.C. § 1446(b).

Finally, and perhaps most persuasive, common sense dictates that plaintiff's argument must be rejected. In this instance, the FDIC filed its removal notice within 30 days of being served, which, even under the generic rubric of 28 U.S.C. § 1446(b), would be deemed timely. *See Lazuka*, 931 F.2d at 1537. Thus, 12 U.S.C. § 1819(b)(2)(B), which by all indications expands the FDIC's ability to remove a case to federal court, can hardly be interpreted to preclude the FDIC from removing a case when it files its notice within 30 days of being served. Furthermore, though not necessary to resolve the issue now presented, the Court, for reasons explained above, believes that the FDIC had 90 days from the date it was served to remove this action, notwithstanding when plaintiff filed its original complaint. Accordingly, plaintiff's Motion to Remand is DENIED.

---

**3.** As noted earlier, the FDIC was first served on July 18, 1995, and it filed its notice of removal on August 17, 1995.